UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DONALD N. SPERLING, ESQ., Personal Representative
of the Estate of CLARA MARIBEL OXLAJ-GONZALEZ,
Deceased
1413 Spring Road, N.W.
Washington, DC 20010

        Plaintiffs,

v.

WASHINGTON METROPOLITAN AREA
  TRANSIT AUTHORITY
600 Fifth Street, N.W.
Washington, D.C. 20001
SERVE:    Office of General Counsel
              600 Fifth Street, N.W.
              Washington, D.C. 20001

        Defendants.

## COMPLAINT

Plaintiff Donald N. Sperling, Esq., Personal Representative of the Estate ("the Estate") of Clara Maribel Oxlaj-Gonzalez ("Plaintiff's Decedent"), and Legal Representative of the Estate, by and through his attorneys, Jeffrey Fenster, and Stein, Sperling, Bennett, De Jong, Driscoll & Greenfeig, P.C., hereby sues and demands judgment against Defendant Washington Metropolitan Area Transit Authority ("Defendant WMATA"), and as grounds therefore states that:

## PARTIES

1.    At all times relevant to this action, Plaintiff's Decedent was twenty-four years of age and a resident of the District of Columbia.

2.    Donald N. Sperling, Esq. is a resident of Montgomery County, Maryland and has been appointed the personal representative of the Estate, Administration Number 0000312-07, in accordance with the laws of the District of Columbia.

3.  At all times relevant hereto, Defendant WMATA was and is an interstate compact agency doing business in the District of Columbia and with principal offices in the District of Columbia.

## JURISDICTION & VENUE

4.  This Court has subject matter jurisdiction over this action pursuant to §11-921 of the D.C. Code inasmuch as the actions and omissions which are the subject matter of this Complaint occurred within the District of Columbia.

5.  This Court has original jurisdiction over Defendant WMATA pursuant to Section 81 of the WMATA Compact, D.C. Code, 2001 Ed. § 9-1107.01(81).

6.  Jurisdiction is invoked pursuant to the District of Columbia Survival Act, D.C. Code §12-101 *et seq.*

7.  Jurisdiction is invoked pursuant to the District of Columbia Wrongful Death Act, D.C. Code §16-2701, *et seq.*

8.  Venue in this forum is proper pursuant to 28 U.S.C. §1391, inasmuch as all acts and omissions giving rise to the within cause of action took place exclusively in the District of Columbia, and Defendant WMATA is located and has primary offices in this federal judicial district.

## STATEMENT OF FACTS

Plaintiff adopts and incorporates herein the allegations contained in paragraphs 1 through 8 of this Complaint, and further alleges that:

9.  At the time and place of the Collision herein described, Plaintiff's Decedent was a lawful pedestrian crossing Park Road, N.W., at its intersection with 16th Street ("the Intersection").

10. At the time and place of the Collision herein described, Acie Inge ("Inge") was the

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL,
& GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850
TELEPHONE 301/340-2020

operator of a 1999 Oreo Bus, license plate number DC B40895 ("Defendant's Vehicle") owned by his employer, Defendant WMATA.

11. At the time and place of the Collision herein described, Inge was operating Defendant's Vehicle as the agent, servant and/or employee of the Defendant WMATA, within the scope of said employment, and in furtherance of the interests of Defendant WMATA.

12. On or about January 16, 2007, at approximately 10:30 p.m., Plaintiff's Decedent was lawfully crossing Park Road within a marked crosswalk at 16th Street, N.W. At approximately the same time and place, Inge was operating Defendant's Vehicle on northbound 16th Street approaching the Intersection.

13. Suddenly and without adequate warning to the Plaintiff's Decedent, Inge executed a left turn in violation of a traffic control device onto westbound Park Road, and caused the Defendant's Vehicle to strike Plaintiff's Decedent with force sufficient to cause her death ("Collision").

14. In operating Defendant's Vehicle on the roadways in the District of Columbia, Inge owed a duty of care to all foreseeable users of the roadways, including Plaintiff's Decedent, to pay full attention to his driving and to the traffic conditions around him, to warn pedestrians of his presence, to control his speed to avoid a collision, to yield the right-of-way to pedestrians in the crosswalk, to obey all traffic control devices (including signage), to refrain from negligent driving, to refrain from making an unsafe or improper left turn, to use that degree of caution and attention which a person of ordinary skill and judgment would use under similar circumstances, and to obey the motor vehicle laws, rules and regulations of the District of Columbia then and there in effect.

15. Inge breached the aforesaid duties of due care he owed to Plaintiff's Decedent in that he failed to pay full time and attention to his driving and to the traffic conditions around him, failed

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL,
& GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

3

to see Plaintiff's Decedent, failed to warn Plaintiff's Decedent, to control or reduce his speed to avoid a collision, failed to yield the right-of-way in order to avoid colliding with Plaintiff's Decedent, failed to obey the traffic sign prohibiting him from making a left turn onto Park Road, failed to refrain from negligent driving and from making an unsafe left turn, failed to use that degree of caution and attention which a person of ordinary skill and judgment would use under similar circumstances, failed to obey the motor vehicle laws, rules and regulations of the District of Columbia then and there in effect, and was otherwise negligent.

16. As a direct and proximate result of the Collision caused by Inge, Plaintiff's Decedent suffered pre-impact fright, severe and serious permanent physical injuries resulting in her premature death, and extreme pain, suffering, and inconvenience.

17. Additionally, Plaintiff's Decedent and the Estate incurred substantial economic loss as a result of the Collision, including but not limited to: medical and funeral expenses and loss of earnings and earning capacity, property damage and other associated damages.

## COUNT I
**(Wrongful Death – Respondeat Superior – Defendant WMATA)**

Plaintiff adopts and incorporates herein the allegations contained in paragraphs 1 through 17 of this Complaint, and further alleges that:

18. Mateo Oxlaj-Velasquez ("Velasquez"), an individual who resides at Canton Chicua, Quetzaltenango, Guatemala, is the natural father of the Plaintiff's Decedent, and a legal beneficiary of the Estate.

19. Transito Gonzalez-Chaj ("Chaj"), an individual who resides at Canton Chicua, Quetzaltenango, Guatemala, is the natural mother of the Plaintiff's Decedent, and a legal beneficiary of the Estate.

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL,
& GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

20. Velasquez and Chaj are the adult natural parents and next of kin of Plaintiff's Decedent, and the Estate is entitled to recover wrongful death damages on their behalf.

21. Plaintiff's Decedent is not survived by a spouse or any children.

22. As a direct result of the acts and omissions and the breach of the standard of care of Defendant WMATA's employee Inge, as more fully set forth above, Velasquez and Chaj, surviving parents of Plaintiff's Decedent, each next of kin, have suffered damages which are reasonable under the District of Columbia Wrongful Death Act, D.C. Code §16-2701, *et seq.*

23. As a direct and proximate result of the negligent acts and omissions of Inge, Velasquez and Chaj have suffered and will continue to suffer damages, including but not limited to, the reasonable costs of Plaintiff's Decedent's injuries, burial expenses, pecuniary losses, loss of past and future services to the family, loss of past and future financial support, loss of past and future gifts and other contributions which Plaintiff's Decedent would have provided had she lived, loss of past and future care, training and emotional support as well as loss of other pecuniary and non-pecuniary services.

24. At all times relevant hereto, Inge was acting within the scope of his employment with Defendant WMATA, which is vicariously and otherwise liable for all acts committed by Inge as its agent within the scope of the agency, in accordance with Article XV §80 of the WMATA Compact and pursuant to WMATA's June 15, 2006 Revised Indemnification Policy, Resolution Number 2006-32.

WHEREFORE, Donald N. Sperling, Esq., Personal Representative of the Estate of Clara Maribel Oxlaj-Gonzalez, demands judgment against Defendant Washington Metropolitan Area Transportation Authority for compensatory damages in the sum of Twenty-Five Million Dollars ($25,000,000.00), post-judgment interest, plus the costs of this action and such other and further

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL, & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850
TELEPHONE 301/340-2020

relief as this Court deems appropriate.

## COUNT II
### (Survival Action – Respondeat Superior – Defendant WMATA)

Plaintiff adopts and incorporates herein the allegations contained in paragraphs 1 through 24 of this Complaint, and further alleges that:

25. At all times referenced herein, Defendant WMATA was the owner of Defendant's Vehicle which, at the time of the Collision, was being driven by Inge, an employee, agent and/or servant of Defendant WMATA, with its express knowledge, permission and consent and for its benefit.

26. At all times relevant hereto, Inge was acting within the scope of his employment with Defendant WMATA, which is responsible for all acts committed by Inge as its agent, within the scope of the agency.

27. As a direct, sole and proximate cause of the breach by Inge of the aforementioned duties (more particularly described herein), and without any negligence on the part of Plaintiff's Decedent contributing thereto, Plaintiff's Decedent has suffered great physical pain, mental anguish, pre-accident fright, and premature death. Additionally, the Estate has incurred substantial medical expenses, funeral and other burial expenses, property damage, lost income and other related damages due to the negligence of Inge.

28. Plaintiff's Decedent's cause of action against Inge survives her death pursuant to D.C. Code §12-101, *et seq.*

29. As a direct and proximate result of the negligence of Inge, Plaintiff's Decedent and the Estate have suffered damages, as set forth above, recoverable under the District of Columbia Survival Act, D.C. Code §12-101 *et seq.*

30. The above damages were caused directly and proximately by Inge's negligence

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL
& GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

without any contributory negligence on the part of Plaintiff's Decedent.

31. At all times relevant hereto, Inge was acting within the scope of his employment with Defendant WMATA, which is vicariously and otherwise liable for all acts committed by Inge as its agent within the scope of the agency, in accordance with Article XV §80 of the WMATA Compact and pursuant to WMATA's June 15, 2006 Revised Indemnification Policy, Resolution Number 2006-32.

WHEREFORE, Plaintiff Donald N. Sperling, Esq., Legal Representative of the Estate of Clara Maribel Oxlaj-Gonzalez, demands judgment against Defendant Washington Metropolitan Area Transportation Authority for compensatory damages in the sum of Twenty-Five Million Dollars ($25,000,000.00) plus the costs of this action and such other and further relief as this Court deems appropriate.

## COUNT III
### (Survival Action – Negligent Entrustment/Training – Defendant WMATA)

Plaintiff adopts and incorporates herein the allegations contained in paragraphs 1 through 31 of this Complaint, and further alleges that:

32. At all times relevant hereto, Defendant WMATA, through its agents, servants and/or employees, owed a duty to the Plaintiff's Decedent to properly hire, train and supervise Inge, prior to entrusting him with Defendant's Vehicle for use in the scope of employment.

33. At all times relevant hereto, Defendant WMATA, through its agents, servants and/or employees, breached duties owed to the Plaintiff's Decedent to properly hire, train and supervise Inge, prior to entrusting him with Defendant's Vehicle for use in the scope of employment.

34. As a direct and proximate result of Defendant WMATA's negligent entrustment of Defendant's Vehicle and negligent training and supervision of Inge, as referenced herein, and without any negligence on the part of Plaintiff's Decedent contributing thereto, Plaintiff's Decedent

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL,
& GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

has suffered great physical pain, mental anguish, pre-accident fright, and premature death. Additionally, the Estate has incurred substantial medical expenses, funeral and other burial expenses, property damage, lost income and other related damages due to the negligence of Inge.

WHEREFORE, Plaintiff Donald N. Sperling, Esq., Legal Representative of the Estate of Clara Maribel Oxlaj-Gonzalez, demands judgment against Defendant Washington Metropolitan Area Transit Authority for compensatory damages in the sum of Twenty-Five Million Dollars ($25,000,000.00) plus the costs of this action and such other and further relief as this Court deems appropriate.

Respectfully submitted,

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

By: _____
Jeffrey Fenster [#432757]
25 West Middle Lane
Rockville, Maryland 20850
(301) 340-2020

Attorneys for Plaintiff

### DEMAND FOR JURY TRIAL

Pursuant to the Rules of the Superior Court for the District of Columbia, Plaintiff requests a jury trial on all matters herein presented.

_____
Jeffrey Fenster

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL,
& GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

Donald N. Sperling, Esq., Personal Representative of the Estate of Clara Maribel Oxlaj-Gonzalez, Deceased
1413 Spring Road, NW
Washington, D.C. 20010

## DEFENDANTS

Washington Metropolitan Area Transit Authority
600 Fifth Street, NW
Washington, D.C. 20001

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  11001
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  11001
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Jeffrey Fenster, Esq. #432757
Stein, Sperling, Bennett, DeJong, Driscoll & Greenfeig, P.C.
25 West Middle Lane
Rockville, Maryland 20850
(301) 340-2020 ext 229

ATTORNEYS (IF KNOWN)

Office of General Counsel
600 Fifth Street, NW
Washington, D.C. 20001

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
- ☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☒ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ○ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ○ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ○ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ○ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
DC Code §9-1107.01 (81), DC Code §12-101 et seq., (Survival Act), DC Code §16-2701 et seq. (Wrongful Death Act)

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 75,000,000.00   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 3/20/07   SIGNATURE OF ATTORNEY OF RECORD  *Jeffrey Funk*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.