UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD N. SPERLING, Esq., as Personal Representative of the Estate of Clara Maribel Oxlaj-Gonzalez, Deceased 1413 Spring Road Washington, D.C. 20010 <br><br> Plaintiff, <br><br> v. <br><br> WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY 600 Fifth Street, NW Washington, D.C. 20001 <br><br> Defendant. | Civil No. 07-CV-557 <br> J. Kollar-Kotelly |

## DEFENDANT WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY'S ANSWER TO THE COMPLAINT

### FIRST DEFENSE

The complaint herein fails to state a cause of action against the defendant, the Washington Metropolitan Area Transit Authority ("WMATA") for which relief may be granted. Further, the action is defective because Mr. Sperling is not a proper personal representative.

### SECOND DEFENSE

1. Defendant is without sufficient knowledge or information sufficient to form a belief regarding truth of the allegations contained in paragraph 1 of the Complaint.

2. Defendant is without sufficient knowledge or information sufficient to form a belief regarding truth of the allegations contained in paragraph 2 of the Complaint.

3 Defendant avers that WMATA is an agency and instrumentality of the

District of Columbia, State of Maryland, and Commonwealth of Virginia created by an interstate compact between and among its signatory jurisdictions and is authorized and empowered to provide mass transportation in the Washington, D.C. Metropolitan Area. The remaining allegations contained in paragraph 3 of the Complaint are denied.

### JURISDICTION & VENUE

4.  Defendant denies that this Court has jurisdiction pursuant to D.C. Code sec. 11-921, but admit that this Court has jurisdiction over WMATA pursuant to D.C. Code sec. 9-1107.01 (81) (West 2001) ed.

5.  Defendant admits that this Court has jurisdiction over WMATA pursuant to D.C. Code sec. 9-1107.01 (81) (West 2001) ed. The remaining allegations contained in paragraph 5 of the Complaint are denied.

6.  Defendant denies that this Court has jurisdiction pursuant to the District of Columbia Survival Act, but admits that this Court has jurisdiction over WMATA pursuant to D.C. Code sec. 9-1107.01 (81) (West 2001) ed.

7.  Defendant denies that this Court has jurisdiction pursuant to the District of Columbia Wrongful Death Act, but admits that this Court has jurisdiction over WMATA pursuant to D.C. Code sec. 9-1107.01 (81) (West 2001) ed.

8.  Defendant admits the allegations contained in paragraph 8 of the Complaint.

### STATEMENT OF FACTS

Defendant restates and incorporates by reference Paragraphs 1-8 of its Answer.

9.  Defendant denies the allegations contained in paragraph 9 of the Complaint.

      10. Defendant denies that the bus was manufactured by Oreo. Defendant admits the remaining allegations contained in paragraph 10 of the Complaint.

      11. Defendant admits the bus operator, Inge, was operating Defendant's vehicle as an employee of the Defendant WMATA within the scope of his employment; WMATA denies the remaining allegations contained in paragraph 11 of the Complaint.

      12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

      13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

      14. The allegations contained in paragraph 14 of the Complaint consist of legal conclusions to which a response is not required. To the extent a response is required, the allegations are denied.

      15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

      16. WMATA admits that the Plaintiff died as a result of the impact, WMATA denies the remaining allegations.

      17. Defendant is without sufficient knowledge or information sufficient to form a belief regarding truth of the allegations contained in paragraph 17 of the complaint.

**<u>COUNT 1</u>**
**(Wrongful Death- Respondeat Superior-Defendant WMATA)**

Plaintiff adopts and incorporates herein the allegations contained in paragraphs 1 through 17 of this Complaint.

      18. Defendant is without sufficient knowledge or information sufficient to form a belief regarding truth of the allegations contained in paragraph 18 of the Complaint.

      19. Defendant is without sufficient knowledge or information sufficient to form a belief regarding truth of the allegations contained in paragraph 19 of the Complaint.

20.   Defendant is without sufficient knowledge or information sufficient to form a belief regarding truth of the allegations contained in paragraph 20 of the Complaint.

21.   Defendant is without sufficient knowledge or information sufficient to form a belief regarding truth of the allegations contained in paragraph 21 of the Complaint.

22.   Defendants deny the allegations contained in paragraph 22 of the Complaint.

23.   Defendants deny the allegations contained in paragraph 23 of the Complaint.

24.   Defendants deny the allegations contained in paragraph 24 of the Complaint.

## COUNT II
### (Survival Action- Respondeat Superior-Defendant WMATA)

Defendant restates and incorporates answers to paragraphs 1-24.

25.   Defendant admits the allegations contained in paragraph 25 of the Complaint.

26.   Defendant admits that the bus operator was acting within the scope of employment, but denies the remaining allegations.

27.   Defendant denies the allegations contained in paragraph 27 of the Complaint.

28.   The allegation contained in paragraph 28 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegation.

29.   Defendant denies the allegations contained in paragraph 29 of the Complaint.

30.   Defendant denies the allegations contained in paragraph 30 of the Complaint.

31.     WMATA admits that Inge was operating a WMATA bus as an employee acting within the scope his employment with WMATA at the time of this accident, however WMATA denies the remaining allegations contained in paragraph 31 of the Complaint.

### COUNT III
(Survival Action-Negligent Entrustment/Training- Defendant WMATA)

Defendants restate and incorporate answers to paragraphs 1-31.

32-34.    Defendant denies the allegations contained in paragraphs 32 -34 of the Complaint.  Furthermore, WMATA is immune to liability for claims of negligent hiring, training, and supervision of its employees.

### THIRD DEFENSE

Defendants reserve the right to assert any injuries suffered by decedent were the result of the acts of a person or persons other than WMATA, should discovery provide a basis therefore.

### FOURTH DEFENSE

Defendants reserve the right to assert that the damages suffered by the decedent, were the result of contributory negligence or assumption of the risk by the decedent.

### FIFTH DEFENSE

Plaintiff's action is barred in whole, or in part, by Section 80 of the WMATA Compact, WMATA's sovereign and governmental immunity and applicable law.

### SIXTH DEFENSE

WMATA reserves the right to assert that all or part of the plaintiff's action is barred by the statute of limitations.

## SEVENTH DEFENSE

Attorney's fees and pre-judgment interest are not recoverable in the instant case under the WMATA Compact or applicable law.

Further answering the complaint, WMATA denies all allegations of negligence and other improper conduct and further deny all allegations of liability or damages not specifically admitted or otherwise answered.

WHEREFORE, Defendant having fully answered the Complaint herein, pray that the same be dismissed with costs assessed against the Plaintiff.

Respectfully submitted,

Carol B. O'Keefe, #445277
General Counsel


_____/s/_____
Mark F. Sullivan, #430876
Deputy General Counsel


_____/s/_____
Sara L. Bloom #459926
Associate General Counsel


_____/s/_____
Donna L. Gaffney #428725
Assistant General Counsel
600 Fifth Street, N.W.
Washington, D.C. 20001
(202) 962-2420

## DEMAND FOR JURY TRIAL

Defendant WMATA requests a jury trial in this matter.

_____/s/_____
Sara L. Bloom, #459926

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2007, a copy of the foregoing

Defendant WMATA's Answer to the Complaint was mailed, postage prepaid, to:

Jeffrey Fenster, Esq.
Stein, Sperling, Bennett, DeJong, Driscoll & Greenfeig, P.C.
25 West Middle Lane
Rockville, Maryland 20850

_____/s/_____
Sara L. Bloom