UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD SPERLING,  ) | |
| ) | |
| Plaintiff,  ) | Civil Action No. 07-557 |
| ) | |
| v.  ) | Judge Kollar- Kotelly |
| ) | |
| WASHINGTON METROPOLITAN  ) | |
| AREA TRANSIT AUTHORITY,  ) | |
| ) | |
| Defendant.  ) | |
| _____) | |
| WASHINGTON METROPOLITAN AREA  ) | |
| TRANSIT AUTHORITY,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | |
| ) | |
| THE DISTRICT OF COLUMBIA  ) | |
| ) | |
| Defendant.  ) | |
| _____) | |

THIRD PARTY DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO STRIKE
THE DEFENDANT/THIRD PARTY PLAINTIFF'S THIRD PARTY COMPLAINT

Defendant District of Columbia, by and through counsel, herein moves to strike defendant and third party plaintiff Washington Metropolitan Transportation Authority's (hereinafter "WMATA) third party complaint against it pursuant to Fed. R. Civ. P. 14(a). WMATA's third party complaint violates Rule 14, and may not be maintained against the District.

WHEREFORE, in light of the aforementioned, the District respectfully quests that its motion be granted. The District has attached, hereto, a memorandum of points and authorities in support of its motion.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

       /s/
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

 /s/Leah Taylor_____
LEAH BROWNLEE TAYLOR [488966]
Assistant Attorney General
441 4th Street, N.W. 6N
Washington, D.C.  20001
(202) 724-7854; (202) 727-6295

## 7(m) CERTIFICATION

I hereby certify that on April 26, 2007, the undersigned contacted third party plaintiff WMATA regarding the relief herein sought.  WMATA opposed the herein requested relief.

       __/s/ Leah Taylor_____
        LEAH BROWNLEE TAYLOR [488966]
        Assistant Attorney General

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD SPERLING, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 07-557 |
| ) | |
| v. ) | Judge Kollar- Kotelly |
| ) | |
| WASHINGTON METROPOLITAN ) | |
| AREA TRANSIT AUTHORITY, ) | |
| ) | |
| Defendant. ) | |
| WASHINGTON METROPOLITAN AREA ) | |
| TRANSIT AUTHORITY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| THE DISTRICT OF COLUMBIA ) | |
| ) | |
| Defendant. ) | |

### THIRD PARTY DEFENDANT DISTRICT OF COLUMBIA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO STRIKE THE DEFENDANT/THIRD PARTY PLAINTIFF'S THIRD PARTY COMPLAINT

In support of its Motion to Strike defendant/third party Washington Metropolitan Transportation Authority's Third Party Complaint, the District states as follows.

1.    The plaintiff in the above entitled action filed a suit against defendant Washington Metropolitan Transportation Authority (hereinafter "WMATA") for injuries arising from a motor vehicle accident on January 16, 2007, that resulted in the death of Clara Maribel Oxlaj-Gonzalez.

3

2.       On April 17, 2007, the defendant/third party plaintiff (hereinafter referred to as "WMATA"), filed its answer to the complaint and filed a third party complaint against the District of Columbia, claiming indemnification/contribution from the District of Columbia. WMATA specifically claims that the District of Columbia was negligent "in failing to maintain the presence and visibility of its sign which informed pedestrians that busses could make left turns lawfully at the intersection where the plaintiff was struck by a WMATA bus" See Third Party Complaint, ¶ 2.

3.       WMATA's Third Party Complaint is improper under Fed. R. Civ. P. 14(a) as it fails to state a theory under which the District, a third party defendant, is liable to WMATA.  Rule 14(a) provides that:

> at any time after the commencement of the action a defending party, as a third-party plaintiff may cause a summons and complaint to be served upon a person not a party to the action who *is or may be liable to the third party plaintiff* for all or part of the plaintiff's claim against the third party plaintiff.

(emphasis added). Therefore, a claim under Rule 14(a)

> is proper **only** to assert that the third-party defendant is liable *to the party impleading it (usually the defendant)*. Despite the clear language of the impleader rule on this point, some defendants continue to attempt to implead a third party on the basis of the third party defendant's direct liability to the *plaintiff*. The courts properly reject such attempts and limit impleader to those third parties who are derivatively liable to the defendant.

3 Moore's Federal Practice, §14.04[1] (3d ed. 2003) (emphasis in original).

4.       Under Rule 14(a), a party may move to strike the third-party claim, or for its severance or separate trial.  In this case, WMATA's third-party complaint asserts that the District was negligent in failing "to maintain the presence and visibility of its sign which informed pedestrians that buses could make a left turn." See Third Party Complaint, at ¶ 2. Thus, WMATA seeks relief against the District because it allegedly breached its duty to the plaintiff pedestrian, not to WMATA. See Third-Party Complaint,

4

generally. WMATA asserts no facts to support its entitlement to relief from the District for indemnification and/or contribution. The complaint does not cite to any agreement between the parties or present any facts that would demonstrate that the District owed a duty to WMATA and breached that duty.

5. It is well settled that "a third –party defendant may not be impleaded merely because he may be liable to the *plaintiff.*" *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 368 n. 3 91978)(emphasis in original). A third party complaint which "says, in effect, 'It was him, not me,'" or it was him and me, is inappropriate under Rule14(a). *See Watergate Landmark Condo. Unit Owner's Ass'n v. Wiss, Janey Elsterner Assocs., Inc.*, 117 F.R.D. 576, 578 (E.D. Va. 1987). *See also,* cite to the doe case.

6. WMATA's third party complaint is prohibited under Rule 14(a) and case law as set forth in *Owen* and its progeny. Because WMATA has failed to present any facts demonstrating its entitlement to indemnification and/or contribution from the District based on negligence or any other derivative theory, this Court must strike WMATA's third-party complaint. .

                    Respectfully submitted,

                    LINDA SINGER
                    Attorney General for the District of Columbia

                    GEORGE C. VALENTINE
                    Deputy Attorney General
                    Civil Litigation Division


                    _____/s/_____
                    PATRICIA A. JONES [428132]
                    Chief, General Litigation, Section IV


                    ____/s/Leah Taylor_____

LEAH BROWNLEE TAYLOR [488966]
Assistant Attorney General
441 4th Street, N.W. 6th Floor North
Washington, D.C. 20001
(202) 724-7854; (202) 727-6295

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD SPERLING, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 07-557 |
| ) | |
| v. ) | Judge Kollar- Kotelly |
| ) | |
| WASHINGTON METROPOLITAN ) | |
| AREA TRANSIT AUTHORITY, ) | |
| ) | |
| Defendant. ) | |
| WASHINGTON METROPOLITAN AREA ) | |
| TRANSIT AUTHORITY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| THE DISTRICT OF COLUMBIA ) | |
| ) | |
| Defendant. ) | |

### ORDER

Upon consideration of the Third Party Defendant District of Columbia's Motion to Strike the Defendant/Third Party Plaintiff's Complaint, any opposition thereto, and the record herein, it is this _____ day of _____, 2007,

ORDERED: that the District of Columbia's Motion to Strike is hereby GRANTED for the reasons set forth in its Motion; and it is,

FURTHER ORDERED: The Defendant/Third Party Plaintiff's Third Party Complaint is hereby stricken from the record.

7

_____
JUDGE,
United States District Court for the District of Columbia