# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **DONALD N. SPERLING, Esq., as Personal** | ) | |
| **Representative of the Estate of Clara** | ) | |
| **Maribel Oxlaj-Gonzalez, Deceased** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil No. 07-CV-557** |
| | ) | **J. Kollar-Kotelly** |
| **v.** | ) | |
| | ) | |
| **WASHINGTON METROPOLITAN AREA** | ) | |
| **TRANSIT AUTHORITY** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| **WASHINGTON METROPOLITAN AREA** | ) |
| **TRANSIT AUTHORITY** | ) |
| | ) |
| **Third Party Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **THE DISTRICT OF COLUMBIA** | ) |
| | ) |
| **Third Party Defendant.** | ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEFENDANT WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY'S OPPOSITION TO THE DISTRICT OF COLUMBIA'S MOTION TO DISMISS WMATA'S THIRD-PARTY COMPLAINT

The defendant and third party plaintiff, Washington Metropolitan Area Transit Authority ("WMATA") opposes the defendant, the District of Columbia's ("the District"), Motion to Dismiss. As grounds therefor, WMATA states as follows.

The District files its Motion to dismiss WMATA's Third Party Complaint against it claiming that WMATA's third-party complaint violates Rule 14(a) in that WMATA is only impleding the District merely because the District may be liable to the Plaintiff. Not only is this not the case, it is inconsistent with the District's admission in its Motion that WMATA

has filed suit against the District for Indemnification and/or Contribution for negligent acts by the District arising out of an accident which caused the death of the decedent represented by Plaintiff, personal representative, Donald Sperling.  WMATA's third party complaint states, "However, in the event that the Plaintiff secures a judgment against WMATA, WMATA is entitled to indemnification and/or contribution from Third-Party Defendant, the District of Columbia."  This is based on the sole or contributing negligence of the third party Defendant (the District) against the Plaintiff/decedent by negligently failing to maintain the presence and visibility of its sign which informed pedestrians that buses could make left turns lawfully at the intersection where the plaintiff was struck by a WMATA bus.  See, Sign missing at bus crash site article dated 1/18/07 attached as Exhibit 1.

The third-party complaint also states, "WMATA, seeks judgment by way of contribution and/or indemnity against Third-Party Defendant, the District of Columbia, for all sums for which WMATA might be adjudged liable to the Plaintiff."   This third-party complaint in no way violates Rule 14(a) as WMATA's third-party complaint claims that the District "is or may be liable to the third party plaintiff" (WMATA) for indemnification and/or contribution should WMATA be found liable to the Plaintiff.

Counsel for the District misstates the holdings in Owen and Watergate by failing her to mention recognition of a third party plaintiff's claim for contribution.  Such a claim is appropriate in a third-party complaint.  See, Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365 (1978) and Watergate Landmark Condo. Unit Owner's Ass'n v. Wiss. Janey Elsterner Assocs. Inc., 117 F.R.D. 576 (e.D. Va. 1987).  In Owen, the court makes mention in FN 3 that although the third-party complaint did not  spell it out the claim for contribution, the third-party plaintiff relied upon the state common-law right of contribution among joint

2

tortfeasors and that the Petitioner did not challenge that such a claim was improper.  <u>Owen</u> at 368.  In <u>Watergate</u>, the court states that a third-party complaint is appropriate where the third-party defendant would be secondarily or derivatively liable to defendant in the event that the defendant is held liable to the Plaintiff.  <u>Watergate</u> at 578;  <u>See also, Henry Fuel Company, Inc. V. Whitebread</u>, 236 F.2d 742 (1956).

WMATA's third party complaint for indemnification and/or contribution in essence states that if WMATA is found liable to the Plaintiff/decedent for striking her, the District is solely or partially responsible, by failing to maintain its sign to inform decedent that buses could turn left at the location where she was struck, and as such, WMATA should be entitled to recover against the District either fully or partially based on the District's negligence.  Such a claim is appropriate in a third-party complaint.

WHEREFORE, WMATA's third-party complaint against the District is appropriate, complies with Rule 14(a),  and should not be dismissed.

Respectfully submitted,

WASHINGTON METROPOLITAN AREA
    TRANSIT AUTHORITY


_____/s/_____
Sara L. Bloom #459926
Associate General Counsel


_____/s/_____
Donna L. Gaffney #428725
Assistant General Counsel
600 Fifth Street, N.W.
Washington, D.C.  20001
(202) 962-2420

3

4

Send to Printer        << Back to Article

# EXAMINER.com

## Local
## Sign missing at bus crash site



(Greg Whitesell/Examiner)
Mayor Fenty talks to reporters at the scene
of the Metro Bus accident Wednesday.

Scott McCabe and Alan McCombs, The Examiner
Jan 18, 2007 3:00 AM (74 days ago)
Current rank: *Not ranked*

**WASHINGTON** - Mayor Adrian Fenty revealed that a traffic sign was missing from a busy intersection where a woman Tuesday became the seventh pedestrian in the Washington region killed by a Metrobus in 18 months.

The sign at 16th Street and Park Road Northwest had been knocked off two months ago, Fenty said. The sign warned traffic that buses were allowed to turn left, while all other vehicles were banned from doing so. Fenty said a new sign will go up by Wednesday night.

The woman was killed when she was hit while trying to cross at the Mount Pleasant intersection while the Metrobus No. 4261 turned left from 16h Avenue NW onto Park Road.

Investigators won't release the woman's name until her family is contacted.

Fenty said that signs aren't necessarily the solution at busy intersections.

"Even if you have all the signing, it's confusing," Fenty said. "Our job as the executive branch of government is to make sure these intersections are less confusing."

Sebastien Roblin, 23 a resident of Mount Pleasant, said she's never had any trouble avoiding the buses.

"Usually, they're fairly fast," Roblin said, "but I guess I take it for granted."

The bus driver, identified by police as Acie Inge, 31, of Capital Heights, had worked from Metro for more than a year. He has been placed on leave and tested for drugs and alcohol, which is routine in such circumstances, said spokesman Steve Taubenkibel.

In fiscal 2006, there were five Metro bus fatalities, Taubenkibel said.

In response to the number of bus crashes, Metro launched a pedestrian safety campaign using new technology, public education and efforts to reach children.

Metro distributed blinking pins, posted safety messages at bus stops and held a school poster competition. It also has equipped at least 55 buses with detection devices that will alert drivers when objects are too close.

smccabe@dcexaminer.com

*Examiner*