**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| DONALD SPERLING, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 07-557 |
| | ) | |
| v. | ) | Judge Kollar- Kotelly |
| | ) | |
| WASHINGTON METROPOLITAN | ) | |
| AREA TRANSIT AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| WASHINGTON METROPOLITAN AREA | ) | |
| TRANSIT AUTHORITY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

THIRD-PARTY DEFENDANT DISTRICT OF COLUMBIA'S REPLY TO THIRD-
PARTY PLAINTIFF WASHINGTON METROPOLITAN AREA TRANSIT
AUTHORITY'S OPPOSITION TO ITS MOTION TO STRIKE THE
DEFENDANT/THIRD PARTY PLAINTIFF'S THIRD PARTY COMPLAINT

Defendant District of Columbia, by and through counsel, herein files it reply to

defendant and third party plaintiff Washington Metropolitan Transportation Authority's

(hereinafter "WMATA) opposition to its Motion to Strike pursuant to Fed. R. Civ. P.

14(a) and states as follow:

Contrary to WMATA's assertion in its opposition, WMATA's third party

complaint does not state a claim for contribution as a matter of law.  While the law does

recognize a defendant's right to contribution from a joint tortfeasor, WMATA's

complaint fails to state a claim of negligence which would legally entitle them to

contribution from the District of Columbia. *See Watergate Landmark Condo. Unit Owner's Ass'n v. Wiss, Janey Elsterner Assocs., Inc*., 117 F.R.D. 576, 578 (E.D. Va. 1987).

WMATA alleges in its Complaint that the District of Columbia failed to maintain the presence and visibility of a sign informing pedestrians that buses could make left turns lawfully at the intersection where the plaintiff was struck by a WMATA bus.  While the failure to maintain traffic control devices may be a basis for liability against the District of Columbia,[1] under WMATA's theory of negligence, the lack of signage is of no legal significance in this case as based on the holding in *District of Columbia v. Freeman*, 477 A.2d 713, 717 (1994).  The facts in this case substantially mirror the facts in *Freeman.*  In *Freeman,* a six year old was struck -- while walking in a crosswalk -- by a car driven by David Tapscott. A warning sign, which normally stood approximately two hundred feet before the crosswalk, had been down for over a year prior to the accident. The District of Columbia was joined as a party defendant in the litigation based on two theories of liability:  (1) That the absence of a sign warning of the approaching crosswalk was alleged to have proximately caused the minor child's injuries; and (2) That the District's knowing failure to install appropriate traffic signals -- in addition to or instead of the crosswalk -- at a hazardous intersection allegedly was the proximate cause of the child's injuries.  A jury returned a verdict against the District, and the District appealed.

The District of Columbia Court of Appeals held that the District of Columbia's failure to restore a downed sign at a crosswalk where a pedestrian was struck by a driver was of no legal significance. Id.  The *Freeman* court held that as a matter of law, the

_____

[1] See Washgal v. District of Columbia, 216 A.2d 172 (D.C. 1966).

District of Columbia traffic regulations require a driver of a vehicle to yield at an

intersection *without* a sign, and the driver's failure to yield was the cause of the

plaintiff's injury, not the lack of signage. *Id.,* emphasis added. *See also*18 DCMR,

Vehicles and Traffic, §2303.1 (1981).  According to the Court, the missing sign did not

control traffic. The crosswalk *itself*, rather than any sign, established Tapscott's duty to

stop.

Under the facts presented by WMATA, the pedestrian was killed by a WMATA

bus driver in an intersection where there was no signage.  See Third-Party Complaint, at

¶ 2.  The crosswalk itself, and the presence of the pedestrian controlled WMATA's

driver actions.  As set forth in *Freeman,* because the law required WMATA's driver to

yield to the pedestrian regardless of any signage, WMATA's theory of negligence

against the District of Columbia fails as a matter of law.  Therefore WMATA's claimed

right to contribution and/or indemnification from the District may not be maintained.

WHEREFORE, in light of the aforementioned, the District respectfully requests

that its motion to strike be granted.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

/s/Leah Taylor_____
LEAH BROWNLEE TAYLOR [488966]
Assistant Attorney General
441 4th Street, N.W. 6N
Washington, D.C.  20001
(202) 724-7854; (202) 727-6295

4