IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DONALD N. SPERLING, ESQUIRE** )<br>**AS PERSONAL REPRESENTATIVE** )<br>**OF THE ESTATE OF CLARA** )<br>**MARIBEL OXLAJ-GONZALES,** )<br>**DECEASED** )<br>  )<br>    **Plaintiff,** )<br>v.  )<br>  )<br>**WASHINGTON METROPOLITAN** )<br>**AREA TRANSIT AUTHORITY** )<br>  )<br>    **Defendant.** )<br>  )<br>**WASHINGTON METROPOLITAN** )<br>**AREA TRANSIT AUTHORITY** )<br>  )<br>    **Third-Party Plaintiff,** )<br>  )<br>v.  )<br>  )<br>**DISTRICT OF COLUMBIA** )<br>  )<br>    **Third-Party Defendant.** ) | Civil Action No.:07- 557 (CKK)<br>Scheduling Conf.: 8/6/07 @ 9:00 a.m. |

**REPORT OF LOCAL RULE 16.3 CONFERENCE**

Pursuant to the rules of this Court, counsel in the above-styled matter met telephonically on July 16, 2007, and submit this report regarding the issues discussed at their LCvR 16.3 (a) conference.  A proposed Scheduling Order incorporating the parties' report is attached.

    I.    **BRIEF STATEMENT OF THE CASE**

This is personal injury action brought pursuant to the District of Columbia Wrongful Death and Survival Acts, D.C. Code § 12-101 and D.C. Code §§ 16-2701 et seq. On Tuesday, January 16, 2007, at approximately 10:28 p.m., a Metro Bus, turning left from northbound 16th

Street, N.W. onto westbound Park Road, N.W., Washington, D.C., struck and killed decedent, a pedestrian crossing the street. Defendant denies it, or its operator were negligent and further asserts the affirmative defense of contributory negligence. WMATA posits that decedent was not crossing the street at or in the designated cross-walk. Defendant further disputes the extent, nature, and compensability of plaintiff's damages recoverable in this action under the District's Wrongful Death and Survival Acts. Additionally, if discovery discloses a basis therefore, WMATA will assert that decedent's immigration work status at the time of her death precludes the recovery of damages based upon the decedent's future earnings.

WMATA further claims that Count 3 of Plaintiff's Complaint alleging negligent entrustment/training must be dismissed. WMATA, a governmental entity, enjoys sovereign immunity from such claims. Burkhart v. WMATA, 112 F.3d 1207, 1217 (D.C. Cir. 1997).

On April 17, 2007, Defendant WMATA filed a third-party complaint against Third-Party Defendant the District of Columbia. The third-party complaint seeks contribution and/or indemnification alleging the District's negligence "in failing to maintain the presence and visibility of its sign which informed pedestrians that buses could make left turns lawfully at the intersection where Plaintiff was struck by the bus." On April 26, 2007, the District filed a Motion to Strike WMATA's Third-Party Complaint because it claims WMATA failed to present any facts demonstrating its entitlement to indemnification and/or contribution from the District based on negligence or any other derivative theory. The motion has been fully briefed.

**II.    JURISDICTION**

This Court exercises original jurisdiction over this matter pursuant to § 81 of the WMATA Compact, D.C. Code § 9-1107-01 (81).

**III.   RULE 16.3 REPORT**

1.  <u>Status of Dispositive Motions</u>.  The plaintiff and the defendant WMATA do not believe that this personal injury action is likely to be resolved by dispositive motion following discovery.  Third-party Defendant, the District, has a pending motion to strike the third-party complaint. WMATA has opposed the motion. The motion has been fully briefed. The parties believe the motion should be decided before discovery commences between Third-Party Plaintiff and Third-Party Defendant.

2.  <u>Amended Pleadings</u>: Plaintiff will amend its complaint to join the District of Columbia as a party defendant if the Court denies the District's motion to strike. The defendant District of Columbia will oppose any motion for leave to name it as a party defendant.

3.  <u>Assignment to Magistrate Judge</u>: The parties do not consent to assignment of a magistrate judge for trial.

4.  <u>Settlement Possibility</u>: The parties believe that mediation may prove beneficial in settlement of this matter; however, the desire that mediation should be conducted only after completion of all discovery. The District does not believe that mediation will be fruitful since it claims it bears no liability in this case, but will participate in mediation, if and when it is scheduled.

5. <u>Alternative Dispute Procedures</u>: The parties believe that alternative dispute resolution in the form of mediation may be beneficial in this matter; however, the parties feel that mediation will only be fruitful after completion of all discovery. The District does not believe that alternative dispute resolution will be fruitful since it claims it bears no liability in this case, but will participate in mediation, if and when it is scheduled.

6. <u>Dispositive Motions</u>: All parties believe that any dispositive motions should be filed within 30 days after close of all discovery and that any oppositions and replies should be filed in accordance with LCvR 7 (b) and (d). The District however reserves its right to file dispositive motions at any time during the discovery period.

7. <u>Initial Disclosures</u>: The parties do not agree to waive initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1).

8. <u>Discovery</u>. This is a wrongful death survival action. It appears there may be numerous alleged wrongful death beneficiaries. There will also be numerous experts. All must be deposed.  The District of Columbia Police investigative files and the District's Office of the Chief Medical Examiner's official autopsy report must be obtained. The District reserves its right to file a protective order precluding/and or limiting the scope of pending investigative files or other confidential documents sought in discovery.  The parties request seven (7) months from the August 6, 2007 initial scheduling conference, or to March 10, 2008 to complete discovery. The parties further request the limits of 25 interrogatories and 10 depositions per side as set forth in the Federal Rules 30(a)(2)(A) and 33 (a).

9. <u>Experts</u>: The parties agree that the requirements of Fed. R. Civ. P. 26(a)(2) should not be modified.  Plaintiff agrees to name his experts and provide the Expert Report(s) within seventy-five (75) days following the initial scheduling conference set for August 6, 2007, or by October 22, 2007, and the Defendant agrees to name its experts and provide the Expert Report(s) seventy five-days (75) days thereafter, or by January 7, 2008. The District requests that if it remains a defendant in this litigation, it will designate its expert witnesses on or before January 7, 2008.

10. <u>Class Action Procedures</u>: Not applicable.

11. <u>Bifurcation of Discovery or Trial</u>: At this time, the parties do not believe that bifurcation of this matter is necessary. The District reserves its right to seek bifurcation.

12. <u>Proposed Date for the Pretrial Conference</u>: The parties believe that the pretrial conference should be scheduled to allow for completion of all discovery and any court ordered mediation prior to the pretrial conference. The District requests that any pretrial conference be scheduled thirty (30) days after the Court rules on any filed dispositive motion.

13. <u>Trial Date</u>: The parties believe that a trial date should be scheduled at the pretrial conference after completion of discovery and court ordered mediation.

**Respectfully submitted,**

_/s/_____
**Jeffrey Fenster,. #432757
25 West Middle Lane
Rockville, Maryland 20805
(301) 340-2020
Counsel for Plaintiff Sperling**

    _/s/_____
**Fredric H. Schuster, # 385326**
**Associate General Counsel**

    _/s/_____
 **David J. Shaffer, # 413484**
**Assistant General Counsel**
**Washington Metro Area**
 **Transit Authority**
**600 Fifth Street, N.W.**
**Washington, D.C. 20001**
**(202) 962-2560; (202)-962-2820**
rschuster@wmata.com
dshaffer@wmata.com
**Counsel for Defendant/Third-Party**
**Plaintiff WMATA**

**Linda Singer**
**Acting Attorney General for the District**
**of Columbia**

    _/s/_____
**Patricia A. Jones,  #428132**
**Chief, General Litigation, Section IV**

    __/s/_____
**Leah Brownlee Taylor, #488966**
**Assistant Attorney General**
**441 4th Street, N.W., Sixth Floor, South**
**Washington, D.C. 20001**
**(202)-724-7854; (202)-727-6295**
**Leah.Taylor@dc.gov**
**Counsel for Third Party Defendant**
**District of Columbia**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **DONALD N. SPERLING** | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action 07-557 (CKK) |
| | ) | |
| **WASHINGTON METROPOLITAN** | ) | |
| **AREA TRANSIT AUTHORITY** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| **WASHINGTON METROPOLITAN** | ) | |
| **AREA TRANSIT AUTHORITY** | ) | |
| | ) | |
| Defendant/Third-Party | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| **DISTRICT OF COLUMBIA** | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

### INITIAL SCHEDULING ORDER

UPON CONSIDERATION of the Report of Local Rule 16.3 Conference and the entire record herein, it this 6th day of August, 2007, hereby

ORDERED that discovery shall be completed by March 10, 2008, a period of 7 months from the date of the initial August 6, 2007, scheduling conference in this matter, and it is further;

ORDERED that any dispositive motions shall be filed no later than 30 days after the close of discovery, and any oppositions and replies thereto shall be filed in accordance with LCvR's 7 (b) and 7 (d); and it is further

ORDERED that expert witness reports shall be exchanged in accordance with Fed. R. Civ. P. 26(a)(2), except as stipulated by the parties. Plaintiff shall provide her expert reports within 75 days from the initial scheduling conference on August 6, 2007, or by October 22, 2007, and Defendant and Third-Party Defendant shall provide its expert reports 75 days thereafter, or by January 7, 2008.

Date_____

_____
Colleen Kollar-Kotelly.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **DONALD N. SPERLING** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | Civil Action 07-557 (CKK) |
| | ) | |
| **WASHINGTON METROPOLITAN** | ) | |
| **AREA TRANSIT AUTHORITY** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |
| **WASHINGTON METROPOLITAN** | ) | |
| **AREA TRANSIT AUTHORITY** | ) | |
| | ) | |
| **Defendant/Third-Party** | ) | |
| **Plaintiff,** | ) | |
| v. | ) | |
| | ) | |
| **DISTRICT OF COLUMBIA** | ) | |
| | ) | |
| **Third-Party Defendant.** | ) | |

**STIPULATION REGARDING INITIAL DISCLOSURES**

In accordance with Local Rule 16.3, the parties hereby do not waive the initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1).

                              **Respectfully submitted,**

                              _/s/_____
                              **Jeffrey Fenster, #432757**
                              **25 West Middle Lane**
                              **Rockville, Maryland 20805**
                              **(301) 340-2020**
                              **Counsel for Plaintiff Sperling**

    _/s/_____
**Fredric H. Schuster, # 385326**
**Associate General Counsel**

    _/s/_____
**David J. Shaffer, #413484**
**Assistant General Counsel**
**Washington Metro Area**
**Transit Authority**
**600 Fifth Street, N.W.**
**Washington, D.C. 20001**
**(202) 962-2560; (202)-962-2820**
rschuster@wmata.com
dshaffer@wmata.com
**Counsel for Defendant/ Third-Party**
**Plaintiff WMATA**

**Linda Singer**
**Acting Attorney General for the District**
**of Columbia**

    _/s/_____
**Patricia A. Jones, #428132**
**Chief, General Litigation, Section IV**

    __/s/_____
**Leah Brownlee Taylor, Esq. #488966**
**Assistant Attorney General**
**441 4th Street, N.W., Sixth Floor, South**
**Washington, D.C. 20001**
**(202)-724-7854; (202)-727-6295**
**Leah.Taylor@dc.gov**
**Counsel for Third Party Defendant**
**District of Columbia**