UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD N. SPERLING, ESQ., Personal Representative of the Estate of Clara Maribel Oxlaj-Gonzales, <br><br> Plaintiff, <br><br> v. <br><br> WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, <br><br> Defendant. <br> _____ <br> WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> THE DISTRICT OF COLUMBIA, <br><br> Third-Party Defendant. | Civil Action No. 07–557 (CKK) |

**MEMORANDUM OPINION**
(August 3, 2007)

Presently before the Court is Third Party Defendant District of Columbia's [7] Motion to Strike the Defendant/Third Party Plaintiff's Third Party Complaint. An Opposition, Reply, and Surreply have been filed with respect thereto. After considering the aforementioned filings, the history of the case, and the relevant statutes and case law, the Court shall DENY Third Party Defendant District of Columbia's [7] Motion to Strike the Defendant/Third Party Plaintiff's Third Party Complaint.

## I. BACKGROUND

Plaintiff Donald N. Sperling, Personal Representative of the Estate of Clara Maribel Oxlaj-Gonzalez (hereinafter, "Decedent"), filed suit against Defendant Washington Metropolitan Area Transit Authority ("WMATA") on March 21, 2007, seeking damages pursuant to the District of Columbia Wrongful Death Act and the District of Columbia Survival Act related to a fatal collision between a WMATA bus and Decedent on January 16, 2007. As set forth in the Complaint, Decedent was a pedestrian crossing the intersection of Park Road, N.W., and 16th Street at the time of the collision. Pl.'s Compl. ¶ 9. There is no dispute that Acie Inge, the driver of the WMATA bus in question at the time of the collision, was acting within the scope of his employment as an agent, servant, and/or employee of Defendant WMATA. Pl.'s Compl. ¶ 10, 11; Def.'s Answer ¶ 11. According to the Complaint, "[s]uddenly and without adequate warning to Plaintiff's Decedent, Inge executed a left turn in violation of a traffic control device onto westbound Park Road, and caused the Defendant's Vehicle to strike Plaintiff's Decedent with force sufficient to cause her death." *Id.* ¶ 13. In part, Inge allegedly "failed to obey the traffic sign prohibiting him from making a left turn onto Park Road." *Id.* ¶ 15.

Defendant WMATA filed its Answer to the Complaint on April 17, 2007. In its Third Defense, Defendant WMATA "reserv[ed] the right to assert any injuries suffered by decedent were the result of the acts of a person or persons other than WMATA, should discovery provide a basis therefore [sic]." Def.'s Answer at 5. Also on April 17, 2007, WMATA filed a Third Party Complaint against the District of Columbia (hereinafter, "the District") claiming that "in the event that the Plaintiff secures a judgment against WMATA, WMATA is entitled to indemnification and/or contribution from Third-Party Defendant" because the District "was

negligent in failing to maintain the presence and visibility of its sign which informed pedestrians that buses could make left turns lawfully at the intersection where the Plaintiff was struck by a WMATA bus." Third Party Compl. ¶ 2.

On April 26, 2007, the District filed the Motion to Strike presently at issue, contending that Defendant's Third Party Complaint violates Federal Rule of Civil Procedure 14(a)'s requirement that a theory of liability exist between the impleaded party and the defendant. Mot. to Strike ¶ 3; *see* Fed. R. Civ. P. 14(a). Specifically, the District argues that any alleged negligence on the part of the District in maintaining a sign intended to inform pedestrians would be a breach of duty to the Plaintiff, not WMATA, and that "'a third-party defendant may not be impleaded merely because he may be liable to the *plaintiff*.'" Mot. to Strike ¶ 4, 5 (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 368 n.3 (1978)). On May 1, 2007, Defendant WMATA filed an Opposition, arguing that it appropriately relied on a theory of indemnification and/or contribution in its Third Party Complaint as its theory of the District's liability to WMATA such that WMATA's Third-Party Complaint conforms with the requirements of Rule 14(a). WMATA's Opp'n at 1-2. "WMATA's third party complaint for indemnification and/or contribution in essence states that if WMATA is found liable to the Plaintiff/decedent for striking her, the District is solely or partially responsible, by failing to maintain its sign to inform decedent that buses could turn left at the location where she was struck, and as such, WMATA should be entitled to recover against the District either fully or partially based on the District's negligence." *Id.* at 3.

On May 11, 2007, the District filed a Reply, admitting that "the law does recognize a defendant's right to contribution from a joint tortfeasor." District's Reply at 1. However, the

District argues that "WMATA's complaint fails to state a claim of *negligence* which would legally entitle them to contribution from the District of Columbia." District's Reply at 1-2 (emphasis added). The District relies solely on *District of Columbia v. Freeman*, 477 A.2d 713, 717 (D.C. 1994), to conclude that "the law required WMATA's driver to yield to the pedestrian regardless of any signage" and thus "WMATA's theory of negligence against the District of Columbia fails as a matter of law." District's Reply at 2-3. On May 18, 2007, WMATA filed a Surreply arguing first that because the District relies on "a completely separate argument not present in its original Motion that now addresses the sufficiency of the allegations in the Complaint" for the first time in its Reply, the District's Motion to Strike should be denied; and second that on the merits such an argument is premature prior to discovery about the sign itself and Plaintiff's knowledge thereof at the time she crossed the intersection. WMATA's Surreply at 2. WMATA distinguished *Freeman* from the pre-discovery status of the instant case as follows: "In *Freeman*, the court found that the missing sign warning drivers of a cross-walk [sic] ahead had no legal significance, i.e., no proximate cause as a matter of law, because the Defendant driver knew that a cross walk was located at that location. The Court also found that in order for the Plaintiff to allege that the intersection was dangerous and defective, it would need an expert to testify to such allegations, which it failed to produce."

## II.  LEGAL STANDARD AND DISCUSSION

Pursuant to Federal Rule of Civil Procedure 14(a), "[a]t any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff. . . . Any party may move to

strike the third-party claim, or for its severance or separate trial." Accordingly, the Court must determine if the District "is or may be liable" to WMATA in the instant case.

The common-law theory of contribution alleged in WMATA's Third Party Complaint as the basis for the District's liability to WMATA may serve as a proper basis for filing a third-party complaint pursuant to Rule 14(a). In fact, the District explicitly acknowledges that "the law does recognize a defendant's right to contribution from a joint tortfeasor." District's Reply at 1. The case law acknowledges the same: "A concurrently committed tort results from the independent actions of two or more persons, done at the same time and place, but producing a single injury. Either a jointly committed or concurrently committed tort may result in joint liability on the part of the tort-feasors." *Knell v. Feltman*, 174 F.2d 662, 663 n.1 (D.C. Cir. 1949). "[W]hen a tort is committed by the concurrent negligence of two or more persons who are not intentional wrongdoers, contribution should be enforced . . . ." *Id.* at 666 (so holding in a case where plaintiffs in a car owned and operated by third-party defendant collided with defendant taxi; defendant taxi filed a third-party complaint against third-party defendant for contribution pursuant to Federal Rule of Civil Procedure 14(a)). *See also George's Radio, Inc. v. Capital Transit Co.*, 126 F.2d 219, 221 (D.C. Cir. 1942) ("denying contribution in favor of unintentional or negligent tort-feasors is wrong"). Although the District argues that "the [Third-Party Complaint] does not cite to any agreement between the parties . . . that would demonstrate that the District owed a duty to WMATA," Mot. to Strike ¶ 4, a claim for contribution requires no such agreement. *See George's Radio*, 126 F.2d at 222 ("The difference between indemnity and contribution . . . [is that] in the latter, there is no agreement, express or implied, but a common burden in which the parties stand in equali juri and which in equity and good conscience should

5

be equally borne.").

Contribution has been adopted as grounds for the filing of a third party complaint for reasons of equity and fairness. *See Jones v. Schramm*, 436 F.2d 899, 900 (D.C. Cir. 1970) ("[W]hen contribution is sought against a defendant who was not sued by plaintiff, as is permitted by our decisions, the claim sounds in equity and the court acts as finder of the fact to determine whether the second tortfeasor from whom contribution is sought was negligent."). "[T]he existence of the right [to contribution] cannot logically depend upon a selection of defendants made by the plaintiff. If it did so depend, the caprice or whim of the plaintiff, or his deliberate intention to fasten liability on one defendant alone, could preclude that defendant from having contribution to which he might otherwise be entitled." *Martello v. Hawley*, 300 F.2d 721, 723 (D.C. Cir. 1962) (quoting *Henry Fuel Co. v. Whitebread*, 236 F.2d 742, 744 (D.C. Cir. 1956) (quoting *Knell*, 174 F.2d at 665)). In general, "[t]hird-party practice fosters efficient litigation by packaging the underlying claim for liability and any indemnity or contribution claims in a single case." *Moore's Fed. Practice* § 14.03. "This inclusive packaging spares the judicial system and at least some of the parties the waste and expense of multiple suits. Concomitantly, it avoids the possibility of inconsistent judgments." *Id.*; *see also Henry Fuel Co.*, 236 F.2d at 745 ("where there are the same witnesses, and same parties, the same opposing interests and similar identities, in the interest of expeditious and orderly administration . . . it is to be expected that such claims will be litigated in a single action").

Accordingly, the Court concludes that in this case, WMATA appropriately filed a third party complaint against the District, having alleged facts in its Third Party Complaint demonstrating that the District's sign or absence thereof may have contributed to the collision.

Insofar as the District argues that WMATA's "theory of negligence against the District of Columbia fails as a matter a matter of law," District's Reply at 3, allegedly rendering the contribution theory of liability without merit, the Court notes that whether the District was actually negligent and accordingly actually a concurrent tortfeasor is premature and not appropriately considered in the context of the District's motion to strike.[1]  However, taking an initial look at the issue of negligence, the Court notes that at very least the District's reliance on *District of Columbia v. Freeman* at the present juncture is misplaced.

In *Freeman,* a driver hit a child in a crosswalk; a yellow sign "which normally stood two hundred feet before the crosswalk, had been down for over a year prior to the accident." *Freeman*, 477 A.2d 713, 714 (D.C. 1984).  The D.C. Court of Appeals concluded that even though "[t]he District conceded that its failure to restore the downed warning sign was negligent," there was insufficient evidence to show that the city's negligence proximately caused the collision between driver and pedestrian, or that "the absence of a warning caused [defendant] to hit [plaintiff]." *Id.* at 715, 716.  "The crosswalk *itself*, rather than any sign, established [defendant's] duty to stop." *Id.* at 717.  However, in the instant case, WMATA and the District both suggest that the downed sign would have warned Decedent, not the bus driver, of the unusual traffic patterns in the intersection.  *See* Third Party Compl. ¶ 2; Mot. to Strike ¶ 4.  Whereas the absent warning sign in *Freeman* simply repeated what was already law–that a driver must stop at an intersection–the missing sign in this case was designed to warn pedestrians such as Decedent of buses turning left.  Moreover, while the sign in *Freeman* simply echoed a primary

---

[1] While the District appears to have improperly raised this argument for the first time in its Reply, the Court shall in its discretion consider it as well as the rebuttal provided by WMATA in its Surreply.

traffic signal–that is, the crosswalk etched on the pavement–the sign in this case offered new information that might have affected Decedent's judgment in choosing to cross.  Furthermore, "once the District installs a traffic safety control device, it has a duty to maintain the device in a reasonably safe condition."  *Wash. Metro. Area Transit Auth. v. Davis*, 606 A.2d 165, 176 (D.C. 1992); *Wagshal v. Dist. of Columbia*, 216 A.2d 172, 173-75 (D.C. 1966) ("[T]he absence of the [stop] sign in the place where it had stood for a considerable time created an unsafe condition every bit as dangerous as a hole in the roadway or an obstruction. . . .  A jury could reasonably find from the evidence presented in this case that a collision was the natural and probable consequence of the failure to repair the stop sign.").  While the Court notes that there appears to be some factual discrepancy regarding the information the sign in this case would have conveyed, *compare* Compl. ¶ 13, *and* Third Party Compl. ¶ 2, this issue as well as other unresolved issues of fact which cannot be resolved at this time may bear on whether the District's allegedly negligent upkeep of a sign in this case was a proximate cause of the collision at issue.

### III.  CONCLUSION

Based on the aforementioned reasoning, the Court shall DENY Third Party Defendant District of Columbia's [7] Motion to Strike the Defendant/Third Party Plaintiff's Third Party Complaint.  An Order accompanies this Memorandum Opinion.


Date:   August 3, 2007


                                         */s/*
                                        COLLEEN KOLLAR-KOTELLY
                                        United States District Judge