UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD SPERLING,<br><br>    Plaintiff,<br><br>    v.<br><br>WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,<br><br>    Defendant. | C.A. No.: 07-0557<br>Judge Colleen Kollar-Kotelly |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,<br><br>    Third-Party Plaintiff,<br><br>    v.<br><br>THE DISTRICT OF COLUMBIA,<br><br>    Third-Party Defendant. | |

**THIRD-PARTY DEFENDANT DISTRICT OF COLUMBIA'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

The District of Columbia, by and through counsel, herein submits its opposition to plaintiff's Motion for Leave to Amend Complaint. To the extent that the proposed Amended Complaint adds claims against the District of Columbia, this Court should deny the requested amendment based on futility. Plaintiff has failed to notify the District of his potential claim against it in compliance with D.C. Official Code § 12-309, and therefore cannot maintain his claim against the District of Columbia.

**PRELIMINARY STATEMENT**

On March 21, 2007, plaintiff Donald N. Sperling, Esq., Personal and Legal

Representative of the Estate of Clara Maribel Oxlaj-Gonzalez (hereafter referred to as "plaintiff"), filed the instant action against the Washington Metropolitan Transit Authority (hereafter referred to as "WMATA"). *See* Docket Report, at #1. Plaintiff avers that on January 16, 2007, a bus owned and operated by WMATA collided with the decedent, Clara Maribel Oxlaj-Gonzalez. *See* Complaint, at ¶¶ 12 and 13. According to the plaintiff, Ms. Oxlaj-Gonzalez died as a direct and proximate result of the injuries that she sustained during the collision. *Id.* at 16. On April 17, 2007, WMATA filed a Third-Party Complaint against the District of Columbia. *See* Docket Report, at #4. WMATA alleges that in the event that the plaintiff secures a judgment against WMATA, it is entitled to indemnification and/or contribution from the District of Columbia. *See* Third-Party Complaint, at ¶ 2.

On October 2, 2007, plaintiff filed his Motion for Leave to Amend Complaint. *See* Docket Report, at #26. The plaintiff wishes to amend his Complaint to name the District of Columbia as a party defendant in this action on a negligence theory. *See* Motion to Amend, at ¶ 7. The plaintiff's Amended Complaint adds two counts against the District of Columbia, a Wrongful Death and a Survival Action. *See* Amended Complaint, at Counts III and IV.

For the reasons set forth below, this Court should deny plaintiff's Motion for Leave to Amend his Complaint.

## **ARGUMENT**

Fed. R. Civ. P. 15(a) provides that leave to amend pleadings shall be freely given when justice so requires absent "any apparent or declared reason – such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

In order to maintain any action against the District of Columbia for unliquidated damages, a claimant/plaintiff must satisfy the mandatory notice requirement of D.C. Official Code § 12-309 (2001 ed.).  See, *Hill v. District of Columbia*, 345 A.2d 867, 869 (D.C. 1975).  In particular, § 12-309 provides that:

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the approximate time, place, cause, and circumstances of the injury or damage.

As indicated by a long line of cases, § 12-309 is to be strictly construed.  *Pitts v. District of Columbia*, 391 A.2d 803, 807 (D.C. 1978); *Toomey v. District of Columbia*, 315 A.2d 565, 566 n.1 (D.C. 1974); *District of Columbia v. World Fire & Marine Ins. Co.*, 68 A.2d 222, 225 (D.C. 1949); *Boone v. District of Columbia*, 294 F.Supp. 1156, 1157 (D.D.C. 1968).  "... [C]ompliance with the statutory notice requirement is mandatory," and is a "condition precedent to filing a suit against the District."  *Hill*, 345 A.2d at 869; *Gwinn v. District of Columbia*, 434 A.2d 1376 (D.C. 1981).  More important, notice must be received within six months of the events which allegedly have caused a claimant's injury, not merely mailed or transmitted to the District within six months.  *DeKine v. District of Columbia*, 422 A. 2d 981, 984 (D.C. 1980).  Notice received even one day past due is considered untimely, and completely bars recovery against the District.  *Id*. at 986.

In this case, plaintiff has failed to satisfy the statutory requirements by notifying the Mayor of his intent to file a claim against the District within six months of the alleged incident.  *See* Mia Powell's Affidavit, hereto attached as Exh. A.  Because the event that is the subject of this lawsuit occurred on January 16, 2007, plaintiff was required to notify the Mayor of his potential claim on or before July 16, 2007.  Plaintiff's failure to do so bars his claim against the District of Columbia.  Therefore, to allow plaintiff to amend his complaint to include negligence claims against the District

is futile.

WHEREFORE, the defendant respectfully requests that this Court deny the plaintiff's Motion for Leave to Amend Complaint to add the District as a party defendant in this matter.

                                  Respectfully submitted,

                                  LINDA SINGER
                                  Attorney General for the District of Columbia

                                  GEORGE C. VALENTINE
                                  Deputy Attorney General, Civil Litigation Division


                                  _/s/ Patricia A. Jones_
                                  PATRICIA A. JONES [428132]
                                  Chief, General Litigation, Section IV


                                  _/s/ Leticia L. Valdes_
                                  LETICIA L. VALDES [0461327]
                                  Assistant Attorney General
                                  441 4th Street, N.W.
                                  Sixth Floor South
                                  Washington, D.C. 20001
                                  (202) 442-9845; (202) 727-6295
                                  Leticia.Valdes@dc.gov

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD SPERLING,<br><br>    Plaintiff,<br><br>    v.<br><br>WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY,<br><br>    Defendant.<br><br>WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY,<br><br>    Third-Party Plaintiff,<br><br>    v.<br><br>THE DISTRICT OF COLUMBIA,<br><br>    Third-Party Defendant. | C.A. No.: 07-0557<br>Judge Colleen Kollar-Kotelly |

## **ORDER**

Upon consideration of plaintiff's Motion for Leave to Amend Complaint, defendant District of Columbia's opposition thereto, and the record herein, it is by the Court this _____ day of _____, 2007,

ORDERED:   that Plaintiff's Motion for Leave to Amend Complaint is hereby DENIED for the reasons set forth in the District's opposition to plaintiff's Motion for Leave to Amend Complaint.

_____
Judge Colleen Kollar-Kotelly
U.S. District Court for the District of Columbia

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD SPERLING, <br><br> Plaintiff, <br><br> v. <br><br> WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, <br><br> Defendant. | C.A. No.: 07-0557 <br> Judge Colleen Kollar-Kotelly |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> THE DISTRICT OF COLUMBIA, <br><br> Third-Party Defendant. | |

### AFFIDAVIT OF MIA POWELL LILEY

I, MIA POWELL LILEY, being duly sworn, state that the following is true to the best of my knowledge, information and belief:

1. I am the Manager, Settlements and Judgments for the Tort Liability Division, District of Columbia Office of Risk Management. The Tort Liability Division receives, processes and investigates potential claims against the District of Columbia, pursuant to D.C. Official Code § 12-309 (2001 ed.). The Office of Risk Management commenced to receive potential claims on January 15, 2004.

2. Receipt of written notice of claims against the District of Columbia are forwarded directly to the Tort Liability Division for processing. When the Tort Liability Division

receives notices of claims either from the Mayor's Office or directly, the Tort Liability Division records the receipt of such notices in its Risk Management system.

3. I have conducted a diligent search of the records placed in the Risk Management system in the DC Office of Risk Management. The result of this search has revealed that the Tort Liability Division of the District of Columbia Office of Risk Management, **did not receive** a claim notice from DONALD SPERLING pursuant to D.C. Code § 12-309 (2001) regarding Civil Action Number 07-0557, and involving the death of Clara Maribel Oxlaj-Gonzalez..

Further affiant sayeth not.

_____
MIA POWELL LILEY

DISTRICT OF COLUMBIA, ss:

I, _____, a Notary Public in and for the District of Columbia, do hereby certify that MIA POWELL LILEY, whose name is signed to the foregoing affidavit, bearing the date of the 18th day of October, 2007, personally appeared before me and executed the said release, and acknowledged the same to be her act and deed.

Given under my hand and official seal this 18th day of October, 2007.

_____
NOTARY PUBLIC
My Commission Expires: _____

JULIA JOHNSON
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires March 31, 2010

2