**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | |
|---|---|
| Donald N. Sperling, Esq., et al. | * |
| | *   Case No.: 1:07-cv-00557 |
|     Plaintiffs, | *   Judge Colleen Kollar-Kotelly |
| | *   Amendments Due: 10/05/2007 |
|     v. | * |
| | * |
| Washington Metropolitan Area Transit Authority | * |
| | * |
|     Defendants. | * |

**PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER**

COMES NOW the Plaintiff Donald N. Sperling, Esq., Personal Representative of the Estate ("the Estate") of Clara Maribel Oxlaj-Gonzalez ("Plaintiff's Decedent"), and Legal Representative of the Estate, by and through undersigned counsel, and respectfully requests that this Honorable Court amend the scheduling order to permit an enlargement of sixty (60) days in which he may provide the report of his expert witness David Plant, P.E. in supplementation of the Rule 26(a)(2) Disclosure already filed in this matter, and that other corresponding dates contained within this Court's Scheduling Order be amended accordingly, and as grounds therefore states that:

1.    Plaintiff filed his Complaint on or about March 21, 2007, for wrongful death and a survival action arising out of a fatal collision between Plaintiff's Decedent and a Metrobus owned and operated by the Defendant Washington Metropolitan Area Transit Authority ("WMATA") on January 16, 2007 ("the Collision").

2.    The Defendant WMATA has filed a third-party Complaint against the District of Columbia, alleging that the District's failure to properly maintain a sign at the Intersection caused or contributed to cause the Collision. The District filed a Motion to Dismiss the third-party complaint, which was denied.

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL,
& GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

3.  The Plaintiff has filed a Motion for Leave to Amend his Complaint to include the District as a direct party defendant.  The Motion has been opposed by the District and briefed by the parties.

4.  A Scheduling Order ("the Order") issued August 6, 2007, establishing deadlines for the completion of certain tasks, including the designation of expert witnesses in accordance with Rule 26(a)(2)(B).

5.  The disclosure of Plaintiff (as proponent) under the aforesaid rule was due on or before October 22, 2007, and those of Defendants (as opponents) are due on or before January 7, 2008.

6.  The Plaintiff filed his Rule 26(a)(2)(B) disclosure ("Plaintiff's Disclosure") in a timely fashion on October 22, 2007.  The disclosure names David Plant, and gives a detailed summary of the subject matter concerning which Plaintiff anticipates that he will testify to at trial.[1]

7.  Plaintiff's Disclosure did not include a report, because Mr. Plant indicated that he would require additional information that he did not yet possess as of the deadline date.  Undersigned counsel has endeavored to provide said information.  All other

---

[1] This includes Mr. Plant's opinion that the operator of the Metro Bus executed an unsafe left turn into the Intersection, failed to pay proper time and attention to road conditions surrounding him (including but not limited to the presence of the Plaintiff's Decedent in or near the crosswalk of the Intersection), failed to operate Defendant's Vehicle with proper headlights, failed to look at the Intersection and observe its contents prior to executing the left turn, failed to see Plaintiff's Decedent, failed to warn Plaintiff's Decedent of his presence approaching and in the Intersection, failed to control or reduce his speed to avoid the Collision, failed to yield the right-of-way to the Plaintiff's Decedent in order to avoid colliding with her, failed to obey the traffic sign prohibiting him from making a left turn onto Park Road, failed to obey the motor vehicle laws of the District of Columbia, and failed generally to exercise that degree of caution and attention which a person of ordinary skill and judgment would use under similar circumstances.

   Plaintiff's Disclosure also notes that Mr. Plant will testify as to the results of his reconstruction of the Collision, and will testify as to the Metro Bus operator's view from inside the bus, the location of the Plaintiff's Decedent before, during and after the points of impact in the Collision, the Plaintiff's Decedent's view prior to the Collision, her path leading up to the Collision, the views of the Intersection at the time of the Collision held by other witnesses to events surrounding the Collision, the contact points between Defendant's Vehicle and Plaintiff's Decedent, and the mechanism of injury to Plaintiff's Decedent's fatal injuries.

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL, & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

2

information required under Rule 26(a)(2)(B), such as fee disclosure and a list of cases, was provided within Plaintiff's Disclosure.

8.  Mr. Plant, with the cooperation of the Defendant WMATA, inspected the Metro Bus on October 31, 2007, and collected data which will be used in his report.

9.  Mr. Plant advises that he now has sufficient information to permit him to compile his preliminary report, but that due to his schedule, the volume of data to be considered and the complex nature of the case, he will not be able to ensure that his report is issued until December 21, 2007.

10. Due to scheduling and other reasons, the parties have not yet taken depositions of fact witnesses having pertinent information, including those of eyewitnesses to the Collision and of investigators.  Mr. Plant has advised the he will likely need to supplement his report following the publication of deposition transcripts in the case, in accordance with Fed. R. Civ. Proc. 26(e).

11. Plaintiff requests that he be given leave to supplement his Rule 26(a)(1)(B) disclosure by providing Mr. Plant's report on or before December 21, 2007.  A corresponding enlargement of the deadline for serving their Rule 26(a)(1)(B) of other parties is also requested so as not to in any way prejudice WMATA and the District.

12. The Scheduling Order contains a period of seventy-seven (77) days between the Proponent's Rule 26(a)(2)(B) Statement deadline and that for Opponent. Plaintiff, after conferring with Defendants, requests that a similar period remain for the Defendants following the filing of Mr. Plant's report.  Seventy-seven days from December 21, 2007 is March 7, 2008.

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL,
& GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

3

13.    Plaintiff suggests that discovery be extended until the date of the Status Conference, May 2, 2008, in order to permit additional time for the parties to depose all expert witnesses.

14.    Plaintiff respectfully suggests that effective mediation may take place without any change in the mediation timetable.

15.    Plaintiff has conferred with counsel for the other parties to the litigation, and has had the conversations required under LCvR 7(m).

16.    The Defendant WMATA, by and through its counsel, has indicated that it does not oppose the relief requested herein.

17.    Third-Party Defendant the District, by and through its counsel, has indicated that it does not oppose the relief requested herein.

18.    No prior requests to extend time have been made by or granted to any party.

19.    The relief requested herein, if granted, will not operate to prejudice any party, nor will it serve to unduly delay this matter.

20.    The granting of the relief requested would serve the interests of just and efficient adjudication of the within matter.

WHEREFORE, the Plaintiff Donald N. Sperling, Esq., Personal Representative of the Estate of Clara Maribel Oxlaj-Gonzalez, and Legal Representative of the Estate, respectfully requests that this Honorable Court grant him the following relief:

a.    That the Motion for Leave to Amend Scheduling Order be granted;

b.    That the proposed Amended Scheduling Order attached hereto, changing certain deadlines contained within the original Scheduling Order, be entered; and for

c.    Such further relief as this Court deems just and proper.

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL,
& GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

Respectfully submitted,

STEIN, SPERLING, BENNETT, DE JONG,
DRISCOLL & GREENFEIG, P.C.

By:    _____/s/_____

Jeffrey Fenster  [#09889]
25 West Middle Lane
Rockville, Maryland 20850
(301) 340-2020
Attorneys for Plaintiff

L:\CLIENTS\O\Oxlaj-Gonzalez.Clara Maribel\Autoacci.0001\LITIGATION\1211.MOTION LEAVE AMEND COMPLAINT.LUS.doc

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL,
& GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | |
|---|---|
| Donald N. Sperling, Esq., et al. | * |
| | *   Case No.: 1:07-cv-00557 |
| Plaintiffs, | *   Judge Colleen Kollar-Kotelly |
| | *   Amendments Due: 10/05/2007 |
| v. | * |
| | * |
| Washington Metropolitan Area Transit Authority | * |
| | * |
| Defendants. | * |

**O R D E R**

UPON CONSIDERATION OF the Plaintiff's Motion to Amend Scheduling Order, and

for good cause shown, there being no opposition thereto, it is this _____ day of

_____, 20____,

ORDERED, that the Plaintiff's Motion be and is hereby GRANTED; and it is further,

ORDERED, that the Scheduling Order dates listed below shall be and are hereby

AMENDED as listed, with all non-listed dates to remain the same;

Plaintiff's Report of Expert David P. Plant, P.E……………………December 21, 2007
Defendant's Rule 26(a)(2)(B) Statement…………………………...March 7, 2008
Discovery Completed………………………………………………..May 2, 2008


_____
Hon. Colleen Kollar-Kotelly
United States District Judge


cc:

Jeffrey Fenster, Esq.
25 West Middle Lane
Rockville, Maryland 20805

Fredric H. Schuster, Esq.               Letitia L. Valdes, Esq.
Washington Metro Area Transit Authority    Assistant Attorney General
600 Fifth Street, N.W.                 441 Fourth Street, N.W., 6N
Washington, D.C. 20001             Washington, D.C.  20001

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL,
& GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020