UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD SPERLING,<br><br>    Plaintiff,<br><br>    v.<br><br>WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,<br><br>    Defendant. | C.A. No.: 07-0557<br>Judge Colleen Kollar-Kotelly |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,<br><br>    Third-Party Plaintiff,<br><br>    v.<br><br>THE DISTRICT OF COLUMBIA,<br><br>    Third-Party Defendant. | |

**THIRD-PARTY DEFENDANT DISTRICT OF COLUMBIA'S SUR-REPLY MEMORANDUM IN RESPONSE TO PLAINTIFF'S REPLY TO ITS OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

The District of Columbia, by and through counsel, herein submits its Sur-Reply Memorandum in Response to Plaintiff's Reply to its Opposition to Plaintiff's Motion for Leave to Amend Complaint, and states as follows:

A. **The police report prepared by the Metropolitan Police Department in this case does not satisfy plaintiff's notice requirements under D.C. Official Code § 12-309**.

In his Reply to the District's opposition, plaintiff avers that there is no issue in this case regarding the notice requirements of D.C. Official Code §12-309 because the Metropolitan Police Department issued a police report for the accident in question. *See* Plaintiff Sperling's Reply at ¶

10. While the District agrees that a police report may be substituted for a claim notice to the Mayor, the report must satisfy the statutory notice of claim requirements of § 12-309. To satisfy the requirements of § 12-309, a police report "must contain information as to time, place, cause and circumstances of injury with at least the same degree of specificity required of a written notice." *See Campbell v. District of Columbia,* 568 A.2d 1076, 1078 (D.C. 1990) (quoting Miller v. Spencer, 330 A.2d 250, 252, (D.C. 1974)). A police report will only set forth "cause" within the meaning of § 12-309, "if it recites facts from which it could be reasonably anticipated that a claim against the District might arise." *See Pitts v. District of Columbia*, 391 A.2d 803, 809 (D.C. 1978); *Washington v. District of Columbia,* 429 A.2d 1362, 1366 (D.C. 1981) (notice is sufficient if it "described the injuring event with sufficient detail to reveal, in itself, a basis for the District's potential liability.") While the District admits that a police report was prepared in this matter, nothing in the police report "recites facts from which it could be reasonably anticipated that a claim against the District might arise." *Pitts,* 391 A.2d at 808-09. The police report does not make any mention of a defect in the design or maintenance of the traffic signs at that location, which is the basis of plaintiff's claim against the District. See Pl.'s Amended Complaint. The Metropolitan Police Department processes thousands of traffic accident reports each year. Without any indication as to why *this particular* accident—an accident between two individuals, not employed or otherwise associated with the District—would give rise to liability on the part of the District, the Report does not satisfy the statutory notice provisions of § 12-309. Therefore, plaintiff's reliance on the police report is misplaced, and she cannot proceed against this defendant in this action based on the police report.

B. **Plaintiff cannot rely upon a letter from WMATA to satisfy his notice requirements under D.C. Official Code § 12-309**.

In his opposition, plaintiff does not dispute that he did not send a letter to the Mayor regarding his potential claim against the District of Columbia. See Opposition, generally. Instead, plaintiff argues that the District had sufficient notice of the claims because defendant Washington Metropolitan Area Transit Authority (hereinafter "WMATA") provided notice to the District by letter dated April 13, 2007. *See* Plaintiff Sperling's Reply at ¶ 11. Plaintiff in essence argues that § 12-309 permits claimants to "piggy-back" on another parties' purported notice to satisfy their own notice requirement under the statute. This is simply not the case.

D.C. Code § 12-309 requires notice in writing to the Mayor of the District of Columbia from a "claimant, his agent or attorney." Because § 12-309 is in derogation of the common law, it is to be strictly construed against the claimant. *Pitts,* 391 A.2d at 807; *Washington,* 429 A.2d at 1366; *Gwinn v. District of Columbia*, 434 A.2d 1376 (1981). In *District of Columbia v. Dunmore*, 662 A.2d 1356, 1359 (D.C. 1995), the D.C. Court of Appeals held that § 12-309 must be construed narrowly against claimants, holding that:

> Section 12-309 …imposes a notice requirement on everyone with a tort claim against the District of Columbia, and *compliance with its terms is "mandatory as a prerequisite to filing suit against the District*." [citations omitted]

(emphasis added).

In *Smith v. District of Columbia*, 271 A.2d 786 (D.C. 1970), Ruth Smith brought an action against her landlord Wire Properties, Inc., and the District of Columbia for injuries she sustained when she slipped and fell on an icy sidewalk. At trial, it was conceded that Ms. Smith did not provide written notice of her claim to the District of Columbia within the statutory six month period. Instead, the only notice received by the District came from Hartford Insurance Company, the landlord's insurance company. Even though the letter from Hartford to the District included the

3

date, time, place, circumstance of injury, and even listed the claimant as Ms. Ruth Smith, the trial court ruled that plaintiff failed to satisfy the requirements of § 12-309. On appeal, the District of Columbia Court of Appeals affirmed the trial court's finding and held that "courts cannot under the guise of statutory construction ignore the plain mandatory language of the statute. **The statute requires notice by the complainant, her agent or attorney**." Id. at 788 (emphasis added). However, at that time, the D.C. Court of Appeals' decisions were subject to review by the United States Court of Appeals for the District of Columbia Circuit. On December 30, 1970, a petition for allowance of an appeal from the District of Columbia Court of Appeals' decision in *Smith* was filed with the United States Court of Appeals. Also at that time, the District of Columbia Court Reform and Criminal Procedure Act of 1970 had been enacted. That Act provided that as of February 1, 1971, the D.C. Court of Appeals would become the highest court of the District of Columbia and its decisions would no longer be subject to review by the United States Court of Appeals, but would be reviewable by the Supreme Court of the United States. On March 5, 1971, a month after the effective date of the Court Reorganization Act, the United States Court of Appeals allowed the *Smith* appeal, and reversed the decision of the District of Columbia Court of Appeals on June 27, 1972. *See Smith v. District of Columbia*, 463 F.2d 962 (D.C. Cir. 1972).

After the United States Court of Appeals rendered its decision, the *Smith* matter was once again in front of the District of Columbia Court of Appeals. This time, the Court was to consider whether Ms. Smith presented sufficient evidence of negligence on the part of the District to warrant submission of the case to the jury. However, in its opinion the Court revisited the prior procedural history of the case and recognized that when its decision was rendered and when the petition for allowance of appeal was filed "the United States Court of Appeals had jurisdiction to review its decision and the United States Court of Appeals' decision constituted the law of that

case. But according to the D.C. Court of Appeals, the U.S. Court of Appeals' decision, having been rendered after the effective date of the Court Reorganization Act, constituted no binding precedent on future cases in this court.

Like in *Smith*, plaintiff did not provide written notice to the Mayor. WMATA is neither an agent nor an attorney for plaintiff Sperling. While the District admits receiving a letter from WMATA, that letter was not a notice by Mr. Sperling as required by § 12-309 and therefore does not satisfy plaintiff Donald Sperling's § 12-309 statutory notice of claim requirements. Therefore, this Court should follow the D.C. Court of Appeals' decision in *Smith* which found that because the claimant failed to provide notice to the Mayor, she could not proceed against the District.

## Conclusion

Plaintiff Donald Sperling did not comply with the mandatory notice requirements of D.C. Official Code § 12-309, and his failure to provide the Mayor with the required notice defeats any potential claim he may have against the District. As such, defendant District respectfully requests that this Court deny the plaintiff's Motion for Leave to Amend Complaint to add the District as a party defendant in this matter.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

     /s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

          /s/ Leticia L. Valdes
LETICIA L. VALDES [0461327]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 442-9845; (202) 727-6295

# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD SPERLING,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,<br><br>　　　Defendant. | C.A. No.: 07-0557<br>Judge Colleen Kollar-Kotelly |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,<br><br>　　　Third-Party Plaintiff,<br><br>　　v.<br><br>THE DISTRICT OF COLUMBIA,<br><br>　　　Third-Party Defendant. | |

## **ORDER**

Upon consideration of plaintiff's Motion for Leave to Amend Complaint, defendant District of Columbia's opposition thereto, plaintiff's reply, the District's sur-reply, and the record herein, it is by the Court this _____ day of _____, 2007,

ORDERED:   that Plaintiff's Motion for Leave to Amend Complaint is hereby DENIED for the reasons set forth in the District's opposition and sur-reply to plaintiff's Motion for Leave to Amend Complaint.

_____
Judge Colleen Kollar-Kotelly
U.S. District Court for the District of Columbia