## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

| | |
|---|---|
| Donald N. Sperling, Esq., et al. | * |
| Plaintiffs, | * Case No.: 1:07-cv-00557 |
| | * Judge Colleen Kollar-Kotelly |
| v. | * Amendments Due: 10/05/2007 |
| Washington Metropolitan Area Transit Authority | * |
| Defendant/Third-Party Plaintiff. | * |
| v. | * |
| District of Columbia | * |
| Third-Party Defendant. | * |

### PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT

COMES NOW the Plaintiff Donald N. Sperling, Esq., Personal Representative of the Estate ("the Estate") of Clara Maribel Oxlaj-Gonzalez ("Plaintiff's Decedent"), and Legal Representative of the Estate, by and through undersigned counsel, and respectfully files this brief supplementing his Motion for Leave to Amend Complaint previously filed, requesting that he be given leave to amend his Complaint herein to include Third-Party Defendant District of Columbia ("the District") as a party defendant, and stating that:

1. Plaintiff filed his Complaint on or about March 21, 2007, for wrongful death and a survival action arising out of a fatal collision at the intersection of Park Road and 16th Street, N.W. ("the Intersection") between Plaintiff's Decedent and a Metrobus owned and operated by the Defendant Washington Metropolitan Area Transit Authority ("WMATA") on January 16, 2007 ("the Collision").

2. The Defendant WMATA filed a Third-Party Complaint seeking indemnification and/or contribution against the District of Columbia on April 17, 2007, alleging

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL, & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

that the District's failure to properly maintain a sign at the Intersection caused or contributed to cause the Collision.

3. The District filed a Motion to Dismiss the Third-Party Complaint, which was opposed by Defendant WMATA.

4. The District's Motion to Dismiss was based solely upon the District's position that the Third-Party Complaint violated Fed. R. Civ. P. 14(a) inasmuch as it stated a theory of liability of the District to the Plaintiff, not to WMATA.

5. Following full briefing, this Honorable Court issued an order on August 3, 2007, denying the District's Motion to Dismiss.

6. The Plaintiff filed his Motion for Leave to Amend on October 2, 2007, seeking to name the District as a direct party defendant for its negligence in failing to properly maintain the sign at issue and the causal contribution made by said negligence to the Collision described in the Complaint.

7. On October 18, 2007, Third-Party Defendant the District filed its opposition to the Plaintiff's Motion for Leave to Amend. The District's Opposition is grounded solely on its allegation that because the Plaintiff did not give proper notice under §12-309 of the D.C. Code, the Plaintiff cannot maintain an action against it and so the Plaintiff's Motion is futile.

8. On , 2007, the Plaintiff filed its reply to the Defendant's Opposition, noting that under the clear and unambiguous language of §12-309, a written report by the Metropolitan Police Department made in the regular course of duty constitutes sufficient notice in satisfaction of the statute, and that such a written report was issued the day of the Collision and supplemented one day later. Plaintiff also

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL, & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

2

noted that the Defendant WMATA also gave timely notice of the District's potential liability arising out of the Collision, and attached copies of both the Police Report and WMATA's notice.

9. The District has been a Third-Party Defendant in this case since April 17, 2007, and taken part in all subsequent activities within the litigation.

10. The District never has challenged this Court's jurisdiction over it, neither in its Motion to Dismiss nor in any responsive pleading to Plaintiff's Motion for Leave to Amend.

11. On November 13, 2007, the Court issued a Minute Order noting that no jurisdiction has yet been alleged by the Plaintiff and seeking briefing on the issue from the parties. The within supplemental brief is being filed in response thereto.

12. All acts and omissions at issue in this matter took place within the District of Columbia. Jurisdiction over Defendant WMATA is founded upon its authorization by the WMATA Compact, a multi-state entity of Maryland, Virginia and the District, as codified in D.C. Code, 2001 Ed. § 9-1107.10(80).

13. Jurisdiction over the District of Columbia is founded upon 28 U.S.C. § 1364, which authorizes supplemental jurisdiction over all other claims in an existing action under the original jurisdiction of the Court that they form part of the same case or controversy. 28 U.S.C. §1364(a) expressly includes those claims in which a party not otherwise subject to this Court's jurisdiction has been joined to the litigation.

14. 28 U.S.C. §1364(c) expressly provides that the Court may decline to exercise supplemental jurisdiction over a claim if it raises novel or complex issues of State

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL, & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

law (including the law of the District, as per subsection [e]), substantially predominates over the claim over which the Court has original jurisdiction, the latter claims already have been dismissed, or for other compelling reasons. Plaintiff respectfully submits that none of the aforesaid conditions are presented by the case at bar.

15. 28 U.S.C. §1364(c) subsumes prior court rulings regarding ancillary and pendant jurisdiction. Ancillary jurisdiction for a direct damages claim for negligence had previously been found to be permitted against the District of Columbia when named as a third-party defendant. *Horton v. Baldwin*, 713 F.Supp. 508, 510 (1989). This is because the claim for damages, just like the indemnification claim, arise out of the same nucleus of operative fact which caused Plaintiff to file the complaint in the first place. As here, where *all* of the claims in this action involve the same Article III "case," the Court's exercise of ancillary jurisdiction does not run afoul of constitutional limitations. *Id.*

16. In the event that the Motion is denied, the Plaintiff may be compelled to file his action against the District in the Superior Court in the District of Columbia, leading to two separate pieces of litigation involving the same motor vehicle accident, the same witnesses, the same damages, and substantially identical issues of liability. It also could lead to inconsistent verdicts, in the event that the ultimate decision in this Court on the issue of the District's negligence, as alleged in the Third-Party Complaint, conflicts with the decision of the fact finder in the Superior Court. Similarly, this Court's ultimate decision regarding Defendant

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL,
& GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

    WMATA's liability may conflict with the decision made by the fact finder in the Superior Court.

17. As noted by this Court in its Memorandum Order dated August 3, 2007:

> "…[I]nclusive packaging spares the judicial system and at least some of the parties the waste and expense of multiple suits. Concomitantly, it avoids the possibility of inconsistent judgments."
>
> Moore's Fed. Practice § 14.03, *quoted in* Memorandum Order (August 3, 2007).

18. The interests of judicial efficiency and consistency of verdicts will be promoted by the granting of the Plaintiff's Motion for Leave to Amend, and will be disserved by its denial.

WHEREFORE, the Plaintiff Donald N. Sperling, Esq., Personal Representative of the Estate of Clara Maribel Oxlaj-Gonzalez, and Legal Representative of the Estate, respectfully requests that this Honorable Court grant him the following relief:

a. That the Motion for Leave to Amend Complaint be Granted;

b. That the Amended Complaint attached to Plaintiff's Motion be accepted for filing and deemed filed; and

c. Such further relief as this Court deems just and proper.

    Respectfully submitted,

    STEIN, SPERLING, BENNETT, DE JONG,
    DRISCOLL & GREENFEIG, P.C.

By:   /s/
    Jeffrey Fenster [#09889]
    25 West Middle Lane
    Rockville, Maryland 20850
    (301) 340-2020
    Attorneys for Plaintiff

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL,
& GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

L:\CLIENTS\O\Oxlaj-Gonzalez.Clara Maribel\Autoacci.0001\LITIGATION\1211.MOTION LEAVE AMEND COMPLAINT.LUS.doc

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL,
& GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020