UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD SPERLING,<br><br>    Plaintiff,<br><br>    v.<br><br>WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY,<br><br>    Defendant.<br><hr>WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY,<br><br>    Third-Party Plaintiff,<br><br>    v.<br><br>THE DISTRICT OF COLUMBIA,<br><br>    Third-Party Defendant. | C.A. No.: 07-0557<br>Judge Colleen Kollar-Kotelly |

**THIRD-PARTY DEFENDANT DISTRICT OF COLUMBIA'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT**

The District of Columbia, by and through counsel, herein submits its Response to Plaintiff's Supplemental Brief in Support of Motion for Leave to Amend the Complaint, and states as follows:

**A.   U.S.C § 1364 does not confer jurisdiction over the District of Columbia in this matter.**

In his Supplemental Brief, plaintiff avers that jurisdiction over the District of Columbia in this matter is founded upon 28 U.S.C. § 1364. *See* Plaintiff Sperling's Supplemental Brief at ¶ 13. According to the plaintiff, § 1364 authorizes supplemental

jurisdiction over all other claims in an existing action under the original jurisdiction of the Court that they form part of the same case or controversy. *Id*. That is simply incorrect. 28 U.S.C. § 1364 provides jurisdiction for "[d]irect actions against insurers of members of diplomatic missions and their families" and that is not the case in this action. *See* 28 U.S.C. § 1364. Plaintiff failed to provide a basis for this court's jurisdiction over the District of Columbia in this matter.

B.    **This Court's Jurisdiction Is Founded Under 28 U.S.C. § 1367.**

28 U.S.C. § 1367 provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." This court has original jurisdiction over all actions brought by or against the Washington Metropolitan Area Transit Authority (hereinafter "WMATA"). *See* D.C. Official Code § 9-1107.10 (2001 ed.).

In the instant matter, plaintiff Sperling filed an action against WMATA over which this court has original jurisdiction. WMATA thereafter filed suit against the District of Columbia, again providing this Court with original jurisdiction. Upon information and belief, this Court has supplemental jurisdiction over plaintiff's action against the District of Columbia since plaintiff's alleged claim against it forms part of the

same case and/or controversy as the case plaintiff filed against WMATA, and WMATA filed against the District.[1]

        Respectfully submitted,

        LINDA SINGER
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

          /s/ Patricia A. Jones
        PATRICIA A. JONES [428132]
        Chief, General Litigation, Section IV

          /s/ Leticia L. Valdes
        LETICIA L. VALDES [0461327]
        Assistant Attorney General
        441 4th Street, N.W.
        Sixth Floor South
        Washington, D.C. 20001
        (202) 442-9845; (202) 727-6295

---

[1] The District of Columbia opposes plaintiff's Motion to Amend the Complaint to include the District as a party defendant because plaintiff failed to satisfy the notice requirements of D.C. Official Code § 12-309 (2001 ed.).