UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DONALD N. SPERLING, ESQ., et al,

    Plaintiffs,

v.

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY

    and

THE DISTRICT OF COLUMBIA
John A. Wilson Building
1350 Pennsylvania Avenue, N.W.
Washington, D.C. 20001
SERVE:    Adrien M. Fenty, Mayor
           1350 Pennsylvania Avenue, N.W.
           Washington, D.C. 20001

    Defendants.

Civil No. 07-CV-557
J. Kollar-Kotelly
Amendments Due: 10/05/07

## AMENDED COMPLAINT

Plaintiff Donald N. Sperling, Esq., Personal Representative of the Estate ("the Estate") of Clara Maribel Oxlaj-Gonzalez ("Plaintiff's Decedent"), and Legal Representative of the Estate, by and through his attorneys, Jeffrey Fenster, and Stein, Sperling, Bennett, De Jong, Driscoll & Greenfeig, P.C., hereby sues and demands judgment against Defendants Washington Metropolitan Area Transit Authority ("Defendant WMATA") and the District of Columbia ("Defendant District"), and as grounds therefore states that:

### PARTIES

1.    At all times relevant to this action, Plaintiff's Decedent was twenty-four years of age and a resident of the District of Columbia.

2.    Donald N. Sperling, Esq. is a resident of Montgomery County, Maryland and has

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL,
& GREENFEIG, P.C.
ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850
TELEPHONE 301/340-2000

been appointed the personal representative of the Estate, Administration Number 0000312-07, in accordance with the laws of the District of Columbia.

3. At all times relevant hereto, Defendant WMATA was and is an interstate compact agency doing business in the District of Columbia and with principal offices in the District of Columbia.

4. At all times relevant hereto, the Defendant District is a governmental entity created by the Constitution of the United States.

## JURISDICTION & VENUE

5. This Court has subject matter jurisdiction over this action pursuant to §11-921 of the D.C. Code inasmuch as the actions and omissions which are the subject matter of this Complaint occurred within the District of Columbia.

6. This Court has original jurisdiction over Defendant WMATA pursuant to Section 81 of the WMATA Compact, D.C. Code, 2001 Ed. § 9-1107.01(81).

7. Jurisdiction is invoked pursuant to the District of Columbia Survival Act, D.C. Code §12-101 *et seq.*

8. Jurisdiction is invoked pursuant to the District of Columbia Wrongful Death Act, D.C. Code §16-2701, *et seq.*

9. Venue in this forum is proper pursuant to 28 U.S.C. §1391, inasmuch as all acts and omissions giving rise to the within cause of action took place exclusively in the District of Columbia, and Defendant WMATA is located and has primary offices in this federal judicial district.

## STATEMENT OF FACTS

Plaintiff adopts and incorporates herein the allegations contained in paragraphs 1 through 9

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL, & GREENFEIG, P.C.
ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850
TELEPHONE 301/440-3020

of this Complaint, and further alleges that:

10. At the time and place of the Collision herein described, Plaintiff's Decedent was a lawful pedestrian crossing Park Road, N.W., at its intersection with 16th Street ("the Intersection").

11. At the time and place of the Collision herein described, Acie Inge ("Inge") was the operator of a 1999 Oreo Bus, license plate number DC B40895 ("Defendant's Vehicle") owned by his employer, Defendant WMATA.

12. At the time and place of the Collision herein described, Inge was operating Defendant's Vehicle as the agent, servant and/or employee of the Defendant WMATA, within the scope of said employment, and in furtherance of the interests of Defendant WMATA.

13. On or about January 16, 2007, at approximately 10:30 p.m., Plaintiff's Decedent was lawfully crossing Park Road within a marked crosswalk at 16th Street, N.W. At approximately the same time and place, Inge was operating Defendant's Vehicle on northbound 16th Street approaching the Intersection.

14. Suddenly and without adequate warning to the Plaintiff's Decedent, Inge executed a left turn in violation of a traffic control device onto westbound Park Road, and caused the Defendant's Vehicle to strike Plaintiff's Decedent with force sufficient to cause her death ("Collision").

15. In operating Defendant's Vehicle on the roadways in the District of Columbia, Inge owed a duty of care to all foreseeable users of the roadways, including Plaintiff's Decedent, to pay full attention to his driving and to the traffic conditions around him, to warn pedestrians of his presence, to control his speed to avoid a collision, to yield the right-of-way to pedestrians in the crosswalk, to obey all traffic control devices (including signage), to refrain from negligent driving, to refrain from making an unsafe or improper left turn, to use that degree of caution and attention

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL,
& GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

3

which a person of ordinary skill and judgment would use under similar circumstances, and to obey the motor vehicle laws, rules and regulations of the District of Columbia then and there in effect.

16. Inge breached the aforesaid duties of due care he owed to Plaintiff's Decedent in that he failed to pay full time and attention to his driving and to the traffic conditions around him, failed to see Plaintiff's Decedent, failed to warn Plaintiff's Decedent, to control or reduce his speed to avoid a collision, failed to yield the right-of-way in order to avoid colliding with Plaintiff's Decedent, failed to obey the traffic sign prohibiting him from making a left turn onto Park Road, failed to refrain from negligent driving and from making an unsafe left turn, failed to use that degree of caution and attention which a person of ordinary skill and judgment would use under similar circumstances, failed to obey the motor vehicle laws, rules and regulations of the District of Columbia then and there in effect, and was otherwise negligent.

17. As a direct and proximate result of the Collision caused by Inge, Plaintiff's Decedent suffered pre-impact fright, severe and serious permanent physical injuries resulting in her premature death, and extreme pain, suffering, and inconvenience.

18. Additionally, Plaintiff's Decedent and the Estate incurred substantial economic loss as a result of the Collision, including but not limited to: medical and funeral expenses and loss of earnings and earning capacity, property damage and other associated damages.

## COUNT I
### (Wrongful Death – Respondeat Superior – Defendant WMATA)

Plaintiff adopts and incorporates herein the allegations contained in paragraphs 1 through 18 of this Complaint, and further alleges that:

19. Mateo Oxlaj-Velasquez ("Velasquez"), an individual who resides at Canton Chicua, Quetzaltenango, Guatemala, is the natural father of the Plaintiff's Decedent, and a legal beneficiary of the Estate.

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL,
& GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850
TELEPHONE 301/340-2020

20. Transito Gonzalez-Chaj ("Chaj"), an individual who resides at Canton Chicua, Quetzaltenango, Guatemala, is the natural mother of the Plaintiff's Decedent, and a legal beneficiary of the Estate.

21. Velasquez and Chaj are the adult natural parents and next of kin of Plaintiff's Decedent, and the Estate is entitled to recover wrongful death damages on their behalf.

22. Plaintiff's Decedent is not survived by a spouse or any children.

23. As a direct result of the acts and omissions and the breach of the standard of care of Defendant WMATA's employee Inge, as more fully set forth above, Velasquez and Chaj, surviving parents of Plaintiff's Decedent, each next of kin, have suffered damages which are reasonable under the District of Columbia Wrongful Death Act, D.C. Code §16-2701, *et seq.*

24. As a direct and proximate result of the negligent acts and omissions of Inge, Velasquez and Chaj have suffered and will continue to suffer damages, including but not limited to, the reasonable costs of Plaintiff's Decedent's injuries, burial expenses, pecuniary losses, loss of past and future services to the family, loss of past and future financial support, loss of past and future gifts and other contributions which Plaintiff's Decedent would have provided had she lived, loss of past and future care, training and emotional support as well as loss of other pecuniary and non-pecuniary services.

25. At all times relevant hereto, Inge was acting within the scope of his employment with Defendant WMATA, which is vicariously and otherwise liable for all acts committed by Inge as its agent within the scope of the agency, in accordance with Article XV §80 of the WMATA Compact and pursuant to WMATA's June 15, 2006 Revised Indemnification Policy, Resolution Number 2006-32.

WHEREFORE, Donald N. Sperling, Esq., Personal Representative of the Estate of Clara

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL,
& GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850
TELEPHONE 301/340-2020

5

Maribel Oxlaj-Gonzalez, demands judgment against Defendant Washington Metropolitan Area Transportation Authority for compensatory damages in the sum of Twenty-Five Million Dollars ($25,000,000.00), post-judgment interest, plus the costs of this action and such other and further relief as this Court deems appropriate.

### COUNT II
### (Survival Action – Respondeat Superior – Defendant WMATA)

Plaintiff adopts and incorporates herein the allegations contained in paragraphs 1 through 25 of this Complaint, and further alleges that:

26. At all times referenced herein, Defendant WMATA was the owner of Defendant's Vehicle which, at the time of the Collision, was being driven by Inge, an employee, agent and/or servant of Defendant WMATA, with its express knowledge, permission and consent and for its benefit.

27. At all times relevant hereto, Inge was acting within the scope of his employment with Defendant WMATA, which is responsible for all acts committed by Inge as its agent, within the scope of the agency.

28. As a direct and proximate cause of the breach by Inge of the aforementioned duties (more particularly described herein), and without any negligence on the part of Plaintiff's Decedent contributing thereto, Plaintiff's Decedent has suffered great physical pain, mental anguish, pre-impact fright, and premature death. Additionally, the Estate has incurred substantial medical expenses, funeral and other burial expenses, property damage, lost income and other related damages due to the negligence of Inge.

29. Plaintiff's Decedent's cause of action against Defendant WMATA survives her death pursuant to D.C. Code §12-101, *et seq.*

30. As a direct and proximate result of the negligence of Inge, Plaintiff's Decedent

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL,
& GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

6

and the Estate have suffered damages, as set forth above, recoverable under the District of Columbia Survival Act, D.C. Code §12-101 *et seq*.

31.  The above damages were caused directly and proximately by Inge's negligence without any contributory negligence on the part of Plaintiff's Decedent.

32.  At all times relevant hereto, Inge was acting within the scope of his employment with Defendant WMATA, which is vicariously and otherwise liable for all acts committed by Inge as its agent within the scope of the agency, in accordance with Article XV §80 of the WMATA Compact and pursuant to WMATA's June 15, 2006 Revised Indemnification Policy, Resolution Number 2006-32.

WHEREFORE, Plaintiff Donald N. Sperling, Esq., Legal Representative of the Estate of Clara Maribel Oxlaj-Gonzalez, demands judgment against Defendant Washington Metropolitan Area Transportation Authority for compensatory damages in the sum of Twenty-Five Million Dollars ($25,000,000.00) plus the costs of this action and such other and further relief as this Court deems appropriate.

## COUNT III
### (Wrongful Death – Respondeat Superior – Defendant District)

Plaintiff adopts and incorporates herein the allegations contained in paragraphs 1 through 32 of this Complaint, and further alleges that:

33.  The Defendant District, acting by and through its agents, servants and/or employees, owed a duty to all users of the roadway, including the Plaintiff's Decedent and the Defendant WMATA's employee Inge, to maintain all traffic signs in a manner which conspicuously and accurately conveys to them that buses were permitted, upon information and belief, to make a legal left turn from northbound 16th Street onto Park Road, into the Intersection.

34.  Upon information and belief, the Defendant District created, owned and maintained

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL, & GREENFEIG, P.C.
ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850
TELEPHONE 301/340-2020

7

a "no left turn" sign ("the Sign") governing northbound traffic on 16th Street at the Intersection.

35. Upon information and belief, buses such as the Defendant's Vehicle were legally permitted to make a left turn from northbound 16th Street into the Intersection, and the Sign's indication to the contrary constitutes a defect in the Sign.

36. Upon information and belief, the Defendant District breached each of the aforesaid duties when it, immediately prior to and at the time of the Collision, failed to properly maintain the Sign in an accurate manner; failed to mark the Sign with an additional sign noting an exception for buses such as the Defendant's Vehicle; and was otherwise negligent in the placement and maintenance of the Sign.

37. As a direct result of the acts and omissions and the breach of the standard of care of Defendant District, as more fully set forth above, Velasquez and Chaj, surviving parents of Plaintiff's Decedent, each next of kin, have suffered damages which are reasonable under the District of Columbia Wrongful Death Act, D.C. Code §16-2701, *et seq*.

38. As a direct and proximate result of the aforesaid negligent acts and omissions of Defendant District, Velasquez and Chaj have suffered and will continue to suffer damages, including but not limited to, the reasonable costs of Plaintiff's Decedent's injuries, burial expenses, pecuniary losses, loss of past and future services to the family, loss of past and future financial support, loss of past and future gifts and other contributions which Plaintiff's Decedent would have provided had she lived, loss of past and future care, training and emotional support as well as loss of other pecuniary and non-pecuniary services.

WHEREFORE, Donald N. Sperling, Esq., Personal Representative of the Estate of Clara Maribel Oxlaj-Gonzalez, demands judgment against Defendant District of Columbia for compensatory damages in the sum of Twenty-Five Million Dollars ($25,000,000.00), post-judgment

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL,
& GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850
TELEPHONE 301/340-2020

interest, plus the costs of this action and such other and further relief as this Court deems appropriate.

## COUNT IV
### (Survival Action – Defendant District)

Plaintiff adopts and incorporates herein the allegations contained in paragraphs 1 through 38 of this Complaint, and further alleges that:

39. At all times referenced herein, Defendant District owned the Sign, and was responsible for its placement and content.

40. At all times relevant hereto, Defendant District acted by and through its agents, servants and employees, each acting within the scope of his or her employment with Defendant District, which is responsible for all acts committed by its agents, servants and employees within the scope of the agency.

41. As a direct and proximate cause of the breach by the Defendant District of the aforementioned duties (more particularly described herein), and without any negligence on the part of Plaintiff's Decedent contributing thereto, Plaintiff's Decedent has suffered great physical pain, mental anguish, pre-impact fright, and premature death. Additionally, the Estate has incurred substantial medical expenses, funeral and other burial expenses, property damage, lost income and other related damages due to the negligence of Defendant District.

42. Plaintiff's Decedent's cause of action against Defendant District survives her death pursuant to D.C. Code §12-101, *et seq.*

43. As a direct and proximate result of the negligence of the Defendant District, Plaintiff's Decedent and the Estate have suffered damages, as set forth above, recoverable under the District of Columbia Survival Act, D.C. Code §12-101 *et seq.*

44. The above damages were caused directly and proximately by Defendant District's

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL,
& GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

negligence without any contributory negligence on the part of Plaintiff's Decedent.

WHEREFORE, Plaintiff Donald N. Sperling, Esq., Legal Representative of the Estate of Clara Maribel Oxlaj-Gonzalez, demands judgment against Defendant District of Columbia for compensatory damages in the sum of Twenty-Five Million Dollars ($25,000,000.00) plus the costs of this action and such other and further relief as this Court deems appropriate.

Respectfully submitted,

STEIN, SPERLING, BENNETT, DE JONG,
DRISCOLL & GREENFEIG, P.C.

By: _____
Jeffrey Fenster [Federal Bar No. 09889]
25 West Middle Lane
Rockville, Maryland 20850
(301) 340-2020

Attorneys for Plaintiff

### DEMAND FOR JURY TRIAL

Pursuant to the Rules of the United States District Court for the District of Columbia, Plaintiff requests a jury trial on all matters herein presented.

_____
Jeffrey Fenster

L:\CLIENTS\O\Oxlaj-Gonzalez.Clara Maribel\Autonoci.0001\LITIGATION\1211.AMENDED COMPLAINT.LCC pld.doc

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL,
& GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020