## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

DONALD N. SPERLING, Esq., as Personal ）
Representative of the Estate of Clara ）
Maribel Oxlaj-Gonzalez, Deceased ）
1413 Spring Road ）
Washington, D.C.  20010 ）
                                          ）
             Plaintiff, ）
                                            ）     Civil No. 07-CV-557
                                          ）     J. Kollar-Kotelly
v. ）
                                          ）
WASHINGTON METROPOLITAN AREA ）
  TRANSIT AUTHORITY ）
600 Fifth Street, NW ）
Washington, D.C.  20001 ）
                                          ）
            Defendant. ）

## DEFENDANT WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

### FIRST DEFENSE

The Amended Complaint herein fails to state a cause of action against the defendant, the Washington Metropolitan Area Transit Authority ("WMATA") for which relief may be granted.  Further, the action is defective because Mr. Sperling is not a proper personal representative.

### SECOND DEFENSE

1.      Defendant is without sufficient knowledge or information sufficient to form a belief regarding truth of the allegations contained in paragraph 1 of the Amended Complaint.

2.      Defendant is without sufficient knowledge or information sufficient to form a belief regarding truth of the allegations contained in paragraph 2 of the Amended

Complaint.

3.    Defendant avers that WMATA is an agency and instrumentality of the District of Columbia, State of Maryland, and Commonwealth of Virginia created by an interstate compact between and among its signatory jurisdictions and is authorized and empowered to provide mass transportation in the Washington, D.C. Metropolitan Area. The remaining allegations contained in paragraph 3 of the Amended Complaint are denied.

4.    Defendant admits the allegations of paragraph 4 of the Amended Complaint.

## JURISDICTION & VENUE

5.    Defendant denies that this Court has jurisdiction pursuant to D.C. Code sec. 11-921, but admits that this Court has jurisdiction over WMATA pursuant to D.C. Code §9-1107.01 (81) (West 2001) ed.

6.    Defendant admits that the allegations of paragraph 6 of the Amended Complaint.

7.    Defendant denies that this Court has jurisdiction pursuant to the District of Columbia Survival Act, but admits that this Court has jurisdiction over WMATA pursuant to D.C. Code sec. 9-1107.01 (81) (West 2001) ed.

8.    Defendant denies that this Court has jurisdiction pursuant to the District of Columbia Wrongful Death Act, but admits that this Court has jurisdiction over WMATA pursuant to D.C. Code sec. 9-1107.01 (81) (West 2001) ed.

9.    Defendant admits the allegations contained in paragraph 9 of the Amended Complaint.

## STATEMENT OF FACTS

Defendant restates and incorporates by reference Paragraphs 1-9 of its Answer.

10.    Defendant denies the allegations contained in paragraph 10 of the Amended Complaint.

11.    Defendant denies that the bus was manufactured by Oreo.  Defendant admits the remaining allegations of paragraph 11 of the Amended Complaint.

12.    Defendant admits the bus operator Inge  was operating Defendant's vehicle as an employee of the Defendant WMATA within the scope of his employment.  WMATA denies the remaining allegations of paragraph 12 of the Amended Complaint.

13.   Defendant denies the allegations of  paragraph 13 of the Amended Complaint.

14.    Defendant denies the allegations of  paragraph 14 of the Amended Complaint.

15.    The allegations contained in paragraph 15 of the Amended Complaint consist of legal conclusions to which a response is not required.  To the extent a response is required, the allegations are denied.

16.    Defendant denies the allegations contained in paragraph 16 of the Amended Complaint.

17.    WMATA admits that the Plaintiff died as a result of the impact.  WMATA denies the remaining allegations of paragraph 17 of the Amended Complaint.

18.   Defendant is without sufficient knowledge or information sufficient to form a belief regarding truth of the allegations of paragraph 18 of the Amended Complaint.

## COUNT 1

### (Wrongful Death- Respondeat Superior-Defendant WMATA)

Plaintiff adopts and incorporates herein the allegations contained in paragraphs 1 through 18 of the Amended Complaint.

19.    Defendant is without sufficient knowledge or information sufficient to form a belief regarding truth of the allegations of paragraph 19 of the Amended Complaint.

20.    Defendant is without sufficient knowledge or information sufficient to form a belief regarding truth of the allegations of paragraph 20 of the Amended Complaint.

21.    Defendant is without sufficient knowledge or information sufficient to form a belief regarding truth of the allegations of paragraph 21 of the Amended Complaint.

22.    Defendant is  without sufficient knowledge or information sufficient to form a belief regarding truth of the allegations of paragraph 22 of the Amended Complaint.

23.    Defendant denies the allegations of paragraph 23 of the Amended Complaint.

24.    Defendant denies the allegations of paragraph 24 of the Amended Complaint.

25.    Defendant denies the allegations of paragraph 25 of the Amended Complaint.

## COUNT II

### (Survival Action- Respondeat Superior-Defendant WMATA)

Defendant restates and incorporates answers to paragraphs 1-25.

26.    Defendant admits the allegations of  paragraph 26 of the Amended Complaint.

27.  Defendant admits that the bus operator was acting within the scope of

-4-

employment, but denies the remaining allegations of paragraph 27 of the Amended Complaint.

28.    Defendant denies the allegations of paragraph 28 of the Amended Complaint.

29.  The allegation contained in paragraph 29 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegation.

30.    Defendant denies the allegations contained in paragraph 30 of the Amended Complaint.

31.    Defendant denies the allegations contained in paragraph 31 of the Amended Complaint.

32.    WMATA admits that Inge was operating a WMATA bus as an employee acting within the scope his employment with WMATA at the time of this accident, however WMATA denies the remaining allegations of paragraph 32 of the Amended Complaint.

## COUNT III

### (Wrongful Death-Respondeat Superior-Defendant District)

## COUNT IV

### (Survival Action-Defendant District)

The allegations of Counts III and IV of the Amended Complaint are directed against the Defendant District of Columbia only and require no response from Defendant WMATA.

## THIRD DEFENSE

Defendant reserves the right to assert any injuries suffered by decedent were the result of the acts of a person or persons other than WMATA.

## FOURTH DEFENSE

Defendant asserts that the any injuries or damages suffered by the decedent or her estate, were the result of the contributory negligence or assumption of the risk by the decedent herself.

## FIFTH DEFENSE

Plaintiff's action is barred in whole, or in part, by Section 80 of the WMATA Compact, WMATA's sovereign and governmental immunity and applicable law.

Further answering the Amended Complaint, WMATA denies all allegations of negligence and other improper conduct and further deny all allegations of liability or damages not specifically admitted or otherwise answered.

WHEREFORE, Defendant having fully answered the Amended Complaint herein, pray that the same be dismissed with costs assessed against the Plaintiff.

Respectfully submitted,

Carol B. O'Keefe, #445277
General Counsel


_____/s/_____
Mark F. Sullivan, #430876
Deputy General Counsel

-6-

_____/s/_____
**Fredric H. Schuster #385326**
**Associate General Counsel**

_____/s/_____
**David J. Shaffer #413484**
**Assistant General Counsel**
**600 Fifth Street, N.W.**
**Washington, D.C.  20001**
**(202) 962-2820**

## DEMAND FOR JURY TRIAL

Defendant WMATA requests a jury trial in this matter.

_____/s/_____
Fredric H. Schuster, #385326

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2008, a copy of the foregoing

Defendant WMATA's Answer to the Amended Complaint was electronically served

on all counsel of record.

_____/s/_____
Fredric H. Schuster