UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD SPERLING, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 07-557 |
| ) | |
| v. ) | Judge Kollar- Kotelly |
| ) | |
| WASHINGTON METROPOLITAN ) | |
| AREA TRANSIT AUTHORITY, AND ) | |
| THE DISTRICT OF COLUMBIA. ) | |
| ) | |
| Defendants. ) | |
| ) | |
| WASHINGTON METROPOLITAN AREA ) | |
| TRANSIT AUTHORITY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| THE DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |

DISTRICT OF COLUMIBA'S ANSWER TO PLAINTIFF'S AMENDED
COMPLAINT AND CROSS-CLAIM AGAINST WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY

The Defendant District of Columbia ("the District"), by and through counsel, answers Plaintiff's Amended Complaint in like numbered paragraphs.

**FIRST DEFENSE**

The Amended Complaint fails to state a claim upon which relief can be granted.

**PARTIES**

1. The District lacks sufficient information to either admit or deny the allegations in ¶ 1 of the Amended Complaint.

2. The District lacks sufficient information to either admit or deny the allegations in ¶ 2 of the Amended Complaint.

3. The District admits that WMATA was created by an interstate complaint between and among the District of Columbia, State of Maryland, and the Commonwealth of Virginia, provides transportation in the District, and has an office in the District.

4. The District admits the allegations in ¶ 4 of the Amended Complaint.

## JURISDICTION AND VENUE

5. The allegations in ¶ 5 of the Amended Complaint are the legal conclusions of the pleader to which no response is required.

6. The allegations in ¶ 6 of the Amended Complaint are the legal conclusions of the pleader to which no response is required.

7. The allegations in ¶ 7 of the Amended Complaint are the legal conclusions of the pleader to which no response is required.

8. The allegations in ¶ 8 of the Amended Complaint are the legal conclusions of the pleader to which no response is required.

9. The allegations in ¶ 9 of the Amended Complaint are the legal conclusions of the pleader to which no response is required.

## STATEMENT OF FACTS

The District adopts and incorporates its responses to ¶¶ 1-9 as if fully set forth herein.

10. The allegations in ¶ 10 of the Amended Complaint are the legal conclusions of the pleader to which no response is required.

11. The District lacks sufficient information to either admit or deny the allegations in ¶ 11 of the Amended Complaint.

12. The allegations in ¶ 12 of the Amended Complaint are the legal conclusions of the pleader to which no response is required.

13. The allegations in ¶ 13 of the Amended Complaint are the legal conclusions of the pleader to which no response is required.

14. The District lacks sufficient information to either admit or deny the allegations in ¶ 14 of the Amended Complaint.

15. The allegations in ¶ 15 of the Amended Complaint are the legal conclusions of the pleader to which no response is required.

16. The allegations in ¶ 16 of the Amended Complaint are the legal conclusions of the pleader to which no response is required.

17. The allegations in ¶ 17 of the Amended Complaint are the legal conclusions of the pleader to which no response is required.

18. The District lacks sufficient information to either admit or deny the allegations in ¶ 18 of the Amended Complaint.

### COUNT I
### (Wrongful Death – Respondeat Superior – Defendant WMATA)

The District adopts and incorporates its responses to ¶¶ 1-18 as if fully set forth herein.

The allegations in Count I, ¶¶ 19-25 are directed towards Defendant WMATA and contain legal conclusions. Therefore, no response is required by this defendant.

## COUNT II
### (Survival Action - Respondeat Superior – Defendant WMATA)

The District adopts and incorporates its responses to ¶¶ 1-25 as if fully set forth herein.

The allegations in Count II, ¶¶ 26-32 are directed towards Defendant WMATA and contain legal conclusions. Therefore, no response is required by this defendant.

## COUNT III
### (Wrongful Death - Respondeat Superior – Defendant District)

The District adopts and incorporates its responses to ¶¶ 1-32 as if fully set forth herein.

33. The allegations in ¶ 33 of the Amended Complaint are the legal conclusions of the pleader to which no response is required.

34. The allegations in ¶ 34 of the Amended Complaint are the legal conclusions of the pleader to which no response is required.

35. The allegations in ¶ 35 of the Amended Complaint are the legal conclusions of the pleader to which no response is required.

36. The District denies the allegations in ¶ 36 of the Amended Complaint.

37. The District denies the allegations in ¶ 37 of the Amended Complaint.

38. The District denies the allegations in ¶ 38 of the Amended Complaint.

## COUNT IV
### (Survival Action - Respondeat Superior – Defendant District)

The District adopts and incorporates its responses to ¶¶ 1-38 as if fully set forth herein.

39.     The allegations in ¶ 39 of the Amended Complaint are the legal conclusions of the pleader to which no response is required.

40.     The allegations in ¶ 40 of the Amended Complaint are the legal conclusions of the pleader to which no response is required.

41.     The District denies the allegations in ¶ 41 of the Amended Complaint.

42.     The allegations in ¶ 42 of the Amended Complaint are the legal conclusions of the pleader to which no response is required.

43.     The District denies the allegations in ¶ 43 of the Amended Complaint.

44.     The District denies the allegations in ¶ 44 of the Amended Complaint.

Further answering, the District denies all wrongdoing, including negligence, not otherwise denied or answered.

## SECOND DEFENSE

The District denies all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards, and negligence.

## THIRD DEFENSE

The statute of limitations and/or laches may bar Plaintiff's claims against this Defendant.

## FOURTH DEFENSE

The public duty doctrine may bar Plaintiff's claims against this Defendant.

## FIFTH DEFENSE

Plaintiff's claims may be barred by D.C. Official Code § 12-309.

**SIXTH DEFENSE**

If Plaintiff was injured or damaged as alleged, such injuries were the result of the decedent's own intentional, illegal or otherwise wrongful conduct.

**SEVENTH DEFENSE**

If Plaintiff was injured and damaged as alleged in the complaint, such injuries and damages were the result of the sole or contributory negligence of the decedent and/or her assumption of the risk.

**EIGHTH DEFENSE**

If Plaintiff was injured and damaged as alleged in the complaint, such injuries and damages were the result of a person or persons other than this Defendant, its employees, agents and servants acting within the scope of their employment.

**NINTH DEFENSE**

If Plaintiff was injured or otherwise damaged as alleged in the complaint, such injuries and/or damages were the result of the decedent's joint, or concurring negligence with a person or persons other than this Defendant, its agents, employees or servants acting within the scope of employment.

**TENTH DEFENSE**

Plaintiff may have failed to mitigate damages.

**ELEVENTH DEFENSE**

The District's actions were not the proximate cause of Clara Maribel Oxlaj-Gonzalez's death and/or any injuries sustained by her estate.

## SET-OFF

Defendant District of Columbia asserts a set-off against any judgment rendered against it for all funds and services provided to or on behalf of plaintiff and/or the decedent, including medical care.

## JURY DEMAND

The District hereby demands a trial by jury on all issues so triable.

**WHEREFORE**, the District of Columbia demands that the Amended Complaint be dismissed and it be awarded the expense of this litigation, costs and interest, and such other relief as the Court deems just and proper.

## DEFENDANT DISTRICT OF COLUMBIA'S CROSS-CLAIM AGAINST CO-DEFENDANT WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY

Defendant District of Columbia (hereinafter "the District"), by and through counsel and pursuant to Fed. R. Civ. P. 13(g), hereby brings the following cross-claim for indemnification and/or contribution from Defendant Washington Metropolitan Area Transit Authority (hereafter "WMATA"). In support of its cross-claim, Defendant District states as follows:

### Nature of the Case

1. Plaintiff has filed this survival and wrongful death action against the District for the death of Clara Maribel Oxlaj-Gonzalez.

2. Plaintiff avers that on or about January 16, 2007, Clara Maribel Oxlaj-Gonzalez was lawfully crossing Park Road within a marked crosswalk at 16th Street, N.W.

3. Plaintiff further avers that Acie Inge (hereafter "Inge"), a WMATA bus driver, driving within the scope of employment, executed a left turn in violation of the

traffic control device onto westbound Park Road, and hit Ms. Ozlaj-Gonzalez, causing her death.

4. Plaintiff alleges that the District's alleged failure to maintain the "no left turn" traffic sign governing the northbound traffic on 16th Street, N.W. at the intersection caused and/or contributed to the death of Ms. Ozlaj-Gonzalez.

5. The District denies all allegations of negligence under both the wrongful death and survival statutes.

6. The District's actions were not the proximate cause of Ms. Ozlaj-Gonzalez's death. Instead, Inge had a duty to maintain proper care and lookout for pedestrians crossing the crosswalk. Inge breached his duty of care when he failed to stop for Ms. Ozlaj-Gonzalez as she crossed the street.

7. Inge had the last clear chance to avoid the accident with Ms. Ozlaj-Gonzalez.

8. The actions of Inge, and not the actions of this Defendant or any of its employees acting within the scope of their employment, were the proximate cause of Ms. Ozlaj-Gonzalez's death.

9. The District denies that Plaintiff is entitled to recover in this lawsuit because of her contributory negligence and/or assumption of the risk. In the event that Plaintiff secures a judgment against the District, the District is entitled to indemnification and/or contribution from WMATA. Specially, WMATA, acting through its employee Inge, was negligent in driving the bus, and failed to observe Ms. Ozlaj-Gonzales in the walkway and/or to take action to avoid causing the accident.

Prayer for Relief

WHEREFORE, the District seeks indemnification and/or contribution from WMATA for all sums in which the District may be adjudged liable to Plaintiff, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General,
Civil Litigation Division

         */s/Patricia A. Jones*
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

         */s/ Leticia L. Valdes*
LETICIA L. VALDES [0461327]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 442-9845; (202) 727-6295
(202) 727-3625 (fax)
E-mail: Leticia.valdes@dc.gov